[Civ. No. 11160. First Appellate District, Division One.—November 27, 1940.]

FRANK W. SAWYER et al., Appellants, v. STERLING REALTY COMPANY (a Corporation), Respondent.

Frank W. Sawyer, *in pro. per.*, for Appellants.

Phil F. Garvey for Respondent.

WARD, J.—Plaintiffs, vendees in a contract for the purchase and sale of real property, sue to recover payments made by them under the terminated contract. Judgment was rendered for the defendant vendor, and plaintiffs appeal. The action follows a quiet title suit by the vendor against vendees as the result of which the vendor's title was quieted as against any demands of the vendees.

The contract, dated March 10, 1931, covered unimproved property. It provided for a cash payment of $1,000 on the execution and delivery of the agreement and monthly instalments of interest and principal in the sum of not less than $125, commencing May 1, 1931, and continuing until the total purchase price, together with interest, should have been paid. The vendees made the down payment and subsequently eleven instalment payments, each of which, however, with the exception of the first, was made after its due date. The last payment, made on June 17, 1932, was due in March of that year. After all of the instalment payments had become due, the vendor, on October 14, 1935, through its attorney, made demand for all sums owing under the contract and gave notice that unless payment was made within fifteen days from the date of the letter all of the vendees' rights under the contract would be forfeited. Four days after the demand and notice, a second communication signed by the president of the vendor corporation was sent to the vendees wherein they were notified that by reason of their default in the payment of instalments ''all of your rights, and each

of you under the said agreement are hereby forfeited and the said agreement is hereby terminated''. On October 24, 1935, the corporation brought a quiet title action against the vendees and obtained a judgment and decree on the 28th day of September, 1936. No appeal was taken therefrom and that judgment has become final.

The present action by vendees to recover all amounts paid by them under the contract was filed on April 14, 1936, and resulted in a judgment for the vendor on September 12, 1938. The appellants contend that the respondent vendor could not lawfully terminate the contract until the fifteen-day period, specified in its letter of October 14, 1935, had elapsed. They declare that where a vendor attempts without right to terminate a contract, the vendee may treat it as at an end and recover instalments theretofore paid, and that in this case, since the demand was not made until the full price was due, it should have been accompanied by a tender of a deed. Respondent's theory, sustained by the trial court, is that it had lawfully terminated the contract for the vendees' default in making the payments, and accordingly was entitled to retain instalments paid prior to forfeiture. Respondent further contends that the lawfulness of the forfeiture was established in the quiet title suit heretofore referred to. As an excuse for failure to await the full fifteen-day period, respondent claims that one of the vendees, prior to the expiration of the fifteen-day period, wrote to the vendor as follows: ''I cannot, at this time, pay in full, and I do not see that I can in the future.'' This letter is likewise respondent's justification for not tendering the deed. The letter was not introduced in the present case except for identification, and the above has been quoted at this point because of the part it plays in further consideration of the case. However, as stated, the letter, standing alone, was not even offered in evidence. The facts are as follows: At the request of respondent herein, the judgment roll in the quiet title action was introduced in evidence in the present case. Appellants sought to show the purport and sphere of the quiet title decree by offering a brief, in the form of a letter, which was presented to the trial court in the quiet title action, and they now contend that the rejection thereof in this case constituted error. ■ The judgment roll in the quiet title action speaks for itself and may not be modified or enlarged by the contents of a brief. ■ As a statement of legal

principles, with citation of authorities, and in some instances quotations therefrom, which the writer claimed sustained such principles as applied to certain evidentiary matter with reference to written instruments or oral testimony, the brief was not admissible as evidence in the present action. It was not part of the judgment roll in the quiet title action. (Code Civ. Proc., sec. 670.) It was merely an argument on the law and evidence in the prior action.

Appellants contend that the brief contained a "disclaimer". This contention is predicated upon the views expressed in the brief—a portion of which is quoted below—which are to be read with the fact in mind that the plaintiff in the quiet title suit is the defendant and respondent herein. "By this notice of termination of the contract the plaintiff, and vendor under the contract, placed itself within the force and liability of the law to return to the defendants all the money it has received from the defendants under the contract with interest. The contract having been terminated by the plaintiff it ceased to exist. It cannot now be enforced by the parties nor by this court. The defendants have no further interest or claim in or to the land, as the only interest and claim they had was created and existed by virtue of the contract. There now being no contract all such interest and claim also ceased." The brief, from which the above is quoted, was given the court after all evidence in the quiet title suit had been taken and during the period awaiting determination of action by the court. Appellants urge that it was filed prior to the submission of the cause and before judgment. The record is silent relative to the date of the submission of the quiet title suit. Assuming, but not conceding, that the so-called disclaimer should have been or was considered in the quiet title suit, we are confronted with the pleadings, findings and the judgment in that case which has become final. The answer set forth: "Owing to, after and during said financial depression, which still exists, defendants reported to said plaintiff that they could not make any further payments to the plaintiff on account of the purchase price of said lands and property and that said defendants were ready and willing to resell said lands and property as understood and agreed and as alleged herein and in response thereto said plaintiff agreed and reaffirmed its understanding and agreement with said defendants to hold and maintain the respective interest in said lands and property as herein

alleged until such time said property and lands could be re-sold for a price to fully repay the defendants as alleged herein reiterating and repeating to said defendants that the plaintiff would not permit the defendants to suffer a loss of one cent because of said purchase." The court found that "The defendants, and each of them, have not any estate or interest, whatsoever, in or to said lands or premises, or any part thereof. . . . That defendants, and each of them, willfully failed and refused and now refuses to perform the matters and things required to be performed by them, under the terms of the said above mentioned Agreement."

■ Upon the theory that it was evidentiary matter in the previous case and that it sheds light upon what was actually determined in that case, appellants claim error in the refusal of the court to admit the brief, including the so-called disclaimer, this upon the theory that it was filed with the trial judge before the submission of the quiet title suit. The record herein does not indicate that it was "filed"; however, it may be assumed that it was presented to the trial court. Relative to the date of "submission" of the former action, the first paragraph of the "brief", which reads as follows, is interesting as it seems to have assumed that the case was already submitted: "Dear Judge: I have forgotten just how this matter was submitted, however, I have received a copy of the letter dated April 6th, 1936, by Mr. Garvey, addressed to you, stating, therein, plaintiff's points and authorities, and I assume that my ten days to reply runs from that date. If I am wrong, in this, may I ask, that this be accepted and considered as my reply, just the same?" We can find no error in the refusal of the trial judge in the present action to admit the brief or any part of its contents. The brief, having been signed by both vendees, if admitted, might have been construed as an admission against interest.

■ Leaving for a moment the question of the degree of importance of the former decree and judgment, and considering other points raised on this appeal, we find the rule is well settled that where a vendor has accepted payments after their due date, if he wishes thereafter to insist upon punctual payment he must give the vendee reasonable notice thereof before attempting to declare a forfeiture. ■ In this case, however, although delinquent payments had been accepted in the past, a long period of time had elapsed since any payment had been made, and since, according to the plead-

ings, vendees were unable to make further payments and so advised the vendor, it would have been an idle act to have advised the vendees that a forfeiture would be declared unless payments on the contract were made punctually.

Practically the only difference between the former and the present suit is that the vendees in the quiet title proceeding did not ask for a money judgment. In this action they pray for the return of all amounts paid, with interest.

In the answer to the complaint in the quiet title suit, the vendees alleged that they had an understanding with the vendor that if they were unable to complete payments the vendor would endeavor to sell the property and return to them the amounts they had paid under the contract; that the depression made it impossible to sell the property, and that the vendor was holding title subject to such alleged understanding. The prayer, in effect, was that the respective interests should be ascertained and the rights of the parties protected. According to appellants, all evidence of this oral modification of the contract was excluded. The record does not disclose the filing of or a request to file a counterclaim to diminish or defeat the recovery, or a cross-complaint for the return of the amounts paid on the theory that a wrongful forfeiture had been declared. The vendees evidently held and still hold to the view that the return of such amounts could not be had in the quiet title suit. The rule formerly prevailing, that in an action to quiet title a vendee could not, by cross-complaint, seek a money judgment even though both complaint and cross-complaint arose out of the same transaction, has been changed. (Code Civ. Proc., secs. 438, 442; *Hanes* v. *Coffee*, 212 Cal. 777 [300 Pac. 963]; *California Trust Co.* v. *Cohn*, 214 Cal. 619 [7 Pac. (2d) 297]; *Luse* v. *Peters*, 219 Cal. 625 [28 Pac. (2d) 357]; *Martin* v. *Hall*, 219 Cal. 334 [26 Pac. (2d) 288]; *Nevada Land & Inv. Corp.* v. *Sistrunk*, 220 Cal. 174 [30 Pac. (2d) 389]; *Thorpe* v. *Story*, 10 Cal. (2d) 104 [73 Pac. (2d) 1194]; *Haro* v. *Southern Pac. R. R. Co.*, 17 Cal. App. (2d) 594 [62 Pac. (2d) 441]; *Eastin* v. *Roberts, Carpenter Co.*, 19 Cal. App. (2d) 567 [66 Pac. (2d) 224]; *California Trust Co.* v. *Gustason*, 15 Cal. (2d) 268 [101 Pac. (2d) 74].) However, since the money claim in this case, if made in the former suit, should have been by cross-complaint, the failure to there assert it does not bar a later action (Code Civ. Proc., secs. 438, 439), unless in the quiet title suit an

issue, essential to plaintiffs' money recovery in this case, was therein determined adversely to vendees' interest. The vendees' right of recovery is dependent upon the vendor's wrongful termination of the contract. ■ The finding in the quiet title suit that the vendees willfully failed and refused to perform the contract is impliedly a finding that the vendor did not wrongfully terminate the contract, and we must assume that had the court made a direct finding it would have been to that effect. The answer in the quiet title suit alleged that the foreclosing of defendants' interest and "wrongfully forfeiting and appropriating to itself the entire amount" was to the detriment of the vendees. The court found the exact amount due the vendor by the vendees. It did not merely find that the vendor was the owner and entitled to possession, and that the vendees were without interest in the property, but it also found that the vendees had wilfully failed and refused to perform the contract, and this was the basis of the judgment in favor of the vendor. It was an express finding upon the essential fact involved in both suits, namely, ownership in the vendor and lack of interest in the vendees. ■ Appellants could have litigated in the quiet title suit any right to the payments made. They did not file a cross-complaint demanding the return of the money paid on the contract, but raised issues which necessitated a determination of any right they might have in the property by virtue of amounts paid. The question is *res judicata*. (*Burdick* v. *Kerkovecz*, 81 Cal. App. 786 [254 Pac. 684].) *Heilig* v. *Parlin*, 134 Cal. 99 [66 Pac. 186], relied upon by appellants, is not in point. In that case it was held that the vendee acquiesced in the rescission of the contract by permitting the judgment in the first action to be taken by default. In the second action, a rescission was alleged in the complaint, without denial in the answer. In the instant case the complaint alleges in paragraph three that the vendor abandoned and repudiated the contract. An issue was raised by the answer which generally and specifically denied that allegation. The court found the allegation to be untrue. The judgment and decree in the quiet title suit provides that the vendees "and each of them, have not any right, estate, interest or title whatsoever in or to the said land or property".

■ The contract provided that in the event the vendees failed to comply with the terms thereof, the vendor should

be released from all obligations thereunder, and for forfeiture of any rights of the vendees, and that "all moneys theretofore paid hereunder shall be treated as liquidated damages for the non-fulfillment of this contract". Appellants contend that although in the absence of any provision therefor, the vendor would be entitled to such payments, it cannot claim them by reason of designating them as "liquidated damages", contracts for such damages being void. (Civ. Code, secs. 1670, 1671; *Drew* v. *Pedlar*, 87 Cal. 443 [25 Pac. 749, 22 Am. St. Rep. 257].) The case of *Glock* v. *Howard & Wilson Colony Co.*, 123 Cal. 1 [55 Pac. 713, 69 Am. St. Rep. 17, 43 L. R. A. 199], is similar in its facts to the present case except that in that case a tender of the amount due was made by the vendee. Therein the case of *Drew* v. *Pedlar* is discussed. At pages 10, 13–14, the court said: " . . . after the vendee's breach of the covenant to pay, what are the vendor's rights? 1. To stand upon the terms of his contract and sue for its breach under section 3307 of the Civil Code; 2. Still resting upon the contract, he may remain inactive, yet retain to his own use the moneys paid by the vendee; so that it is of no moment whether or not the contract declares that such moneys shall upon the breach be forfeited as liquidated damages; 3. Going into equity, still upon his contract, he may seek specific performance; or finally, if his generosity prompts him so to do, he may agree with the vendee for a mutual abandonment and rescission, in which last case, and in which last case alone, the vendee in default would be entitled to a repayment of his money." "It has been said that after the vendee's breach the vendor may agree to a mutual abandonment and rescission, in which last instance, and in which alone, the vendee in default would be entitled to a repayment of his money. Such was the precise condition of affairs pleaded and not denied in *Drew* v. *Pedlar, supra,* where it is said: 'Both the complaint and answer admitted that the agreement had been rescinded and annulled by the parties, and, as the judgment on the pleadings partly rests upon this fact, it is conclusive evidence of the fact.' And again: 'From the time the defendants elected to rescind the contract, or to consider and treat it as rescinded, it was their duty to refund the money they had received under the contract, and no demand before suit was necessary.' Such, indeed, is the law, and if *Drew* v. *Pedlar, supra,* be confined to cases in the condition thus represented,

that is to say, to cases where the vendor has rescinded after vendee's breach, then no misunderstanding need arise and no confusion will result. What is there said as to the covenant for liquidated damages being void is, as we have seen, of no consequence in contracts such as that and the one at bar, where the liquidated damages are expressed as the moneys paid by the vendee, for in all such cases, as has been shown, the vendor is entitled to retain these moneys, whether designated liquidated damages or not."

In the instant case there was no agreement for abandonment and rescission. The nonperformance of the condition of payment constituted a total breach. There are a few decisions, notably *Ebbert* v. *Mercantile Trust Co.*, 213 Cal. 496 [2 Pac. (2d) 776], which in effect hold that recovery of instalments after default and notice of forfeiture may be obtained under the provision of Civil Code, section 3275. But in the Ebbert case the court was dealing with a condition subsequent. The holder of the promissory note in that case had not been guilty of the misconduct described in section 3275. In the instant case the vendees had been grossly negligent in performance of their part of the contract. For over three years there was a failure to pay anything on the contract, even sufficient to cover taxes. Until overruled by the Supreme Court, the Glock case must stand as authority in cases wherein there is a violation of a condition for the payment of instalments at designated times, and the vendee, as in this case, is guilty of gross negligence.

What has been said herein is applicable to appellants' contention that the vendor, having waited until all of the instalments were due, should have tendered a deed, and that, having accepted payments after the due dates, it should have waited the full fifteen days before declaring a forfeiture. The answer of the vendees in the quiet title suit set forth that there was no means, money or property with which to pay the purchase price. This is in consonance with the letter quoted in vendees' brief. It was not required that the vendor should perform the idle act of tendering a deed. Mistake, surprise or fraud may under certain circumstances excuse a breach and relieve a party of a forfeiture (*Henck* v. *Lake Hemet Water Co.*, 9 Cal. (2d) 136 [69 Pac. (2d) 849]), but no such fact appears in this case. To await the fifteen-day expiration period, if in fact the vendees were unable to pay, would likewise be an idle act. In the quiet title suit, the court found that the vendees "now refuse to

perform the matters and things required to be performed by them under the terms of the . . . agreement.''

██ The cause of appellants for the return of the moneys paid on the contract is without merit in equity or right in law. The vendor suffered a detriment in retaining the property during a depression period, paying taxes thereon, etc. No duty, moral or legal, which the law impliedly created, rests upon respondent to return the amounts paid. The doctrine of unjust enrichment relied upon by appellants is not applicable to this case.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 23, 1941.