PATROSSO, J.
Plaintiff recovered judgment for the sum of $900 and defendant appeals.
The amended complaint is in two counts. The first alleges that, on July 16,1951, defendant became indebted to plaintiff’s assignor (hereinafter referred to as plaintiff), in the sum of $1,000 “upon an open book account for monies had and received at the special instance and request of the defendant, and for which the defendants (sic) promised to pay to the said Leo M. Loftus” (plaintiff’s assignor); that demand for *Supp. 852 payment was made on July 16, 1951, which was refused. The second count alleges that on July 16, 1951, defendant became indebted to plaintiff’s assignor in the sum of $1,000 “upon an account stated.” The action was filed May 26, 1954. The defendant answered, denying the material allegation of the complaint and pleaded the bar of the provisions of subdivision 1, section 339, Code of Civil Procedure, as well as an affirmative defense which, however, it is unnecessary to set forth in view of the conclusion which we have reached upon the merits of plaintiff’s claim.
At the conclusion of plaintiff’s case defendant moved for a nonsuit upon the ground that the evidence was insufficient to establish the allegation of plaintiff’s complaint. The motion was denied. In this the court erred as it did also in ordering judgment for the plaintiff, and we are reversing the judgment.
We direct our attention first to the second count of the complaint, for it may readily be disposed of as there is not even a pretext that an account was ever stated between the parties at any time.
The record is likewise devoid of any competent evidence to establish an open book account, as alleged in the first count. The only proof asserted by plaintiff to establish this allegation is a notebook which was received in evidence over the objection of the defendant, but only as “a note or memorandum,” which plaintiff’s assignor testified was in the handwriting of some person, whose name he could not recall, and that the entries appearing therein were made at his request some 30 or 35 days after the dates therein indicated. The sole entries appearing in this book are the following:
“To Phil Lombardi
“July 13,1951—Cash................... $150.00
(Receipt for same)
“July 16, 1951
Cashier’s Check .................... $650.00
“July 16,1951—Personal Check to P. L. for $250.00
Total given to Phil Lombardi......$1,030.00
“Phil Lombardi returned to me.......... 30.00
$1,000.00
“On Aug. 15th Phil gave me 100.00 to go to Bakersfield to see about raising more money
“This leaves a balance due me of......... $900.00
“I worked regularly every night for Phil for one month without any payment at all.”
*Supp. 853 It requires no extended discussion to establish that the foregoing does not constitute a book account as to any cause of action the plaintiff had against the defendant. It suffices to refer to Robin v. Smith (April 15, 1955), 132 Cal.App.2d 288 [282 P.2d 135], wherein the authorities are reviewed, and which involved a factual situation not dissimilar to that in the case at bar.
Moreover, viewed as an action for money had and received, or upon an oral contract, it was clearly barred by section 339, subdivision 1, Code of Civil Procedure, pleaded by the defendant. It may be noted also that no proof was offered to establish that the claim sued upon had been assigned to plaintiff as alleged in the complaint, and which allegation was denied in the answer.
The judgment is reversed.
Shaw, P. J., and Bishop, J., concurred.