[Civ. No. 9058.   Third Dist.   May 10, 1957.]

CARL H. ANDERSON et al., Appellants, v. JOHN V. Mc-NALLY, as Administrator, etc., Respondent.

J. Adrian Palmquist and Francis T. Cornish for Appellants.

Winslow Christian for Respondent.

SCHOTTKY, J.—Plaintiffs, Carl H. Anderson and Rosa E. Anderson, in this wrongful death action have appealed from a judgment of dismissal entered in favor of John V. McNally, Administrator of the Estate of Thomas Lee McNally, Sr., deceased, following the refusal of plaintiffs to plead further upon the sustaining of a demurrer to their amended complaint.

The amended complaint alleges two causes of action: The first against respondent, and the second against W. A. Robertson, Administratrix of the Estate of Blanche Agnes McNally, deceased. W. A. Robertson did not demur, and is not a party to this appeal.

The first cause of action, after alleging appellants' capacity to sue as the parents of Carl H. Anderson, Jr., deceased, and respondent's appointment and qualification as administrator, alleges that on February 7, 1955, plaintiffs filed and served

a claim against the estate of Thomas Lee McNally, Sr., deceased, in the amount of $75,000 for the wrongful death of Carl H. Anderson, Jr. The complaint alleges further that a head-on collision occurred on June 5, 1954, near Reno, Nevada, between the car in which Carl H. Anderson, Jr., deceased, was riding, and the car of Thomas Lee McNally, Sr., deceased; that the accident was the result of negligence on the part of McNally; that Anderson was killed; and that plaintiffs have thereby been damaged in the amount of $75,000.

Defendant McNally demurred ''on the ground that the amended complaint fails to state facts sufficient to constitute a cause of action in that it does not allege the commencement of this action within three months after the date of service upon plaintiffs of a notice of rejection by defendant John V. McNally of the creditors' claim referred to . . .'' (Prob. Code, § 714.) The demurrer was sustained, with leave to amend. Following plaintiffs' refusal to plead further, judgment was rendered in favor of defendant McNally.

Section 714 of the Probate Code, so far as applicable here, reads as follows:

''When a claim is rejected either by the executor or administrator or by the judge, written notice of such rejection shall be given by the executor or administrator to the holder of the claim or to the person filing or presenting it, and the holder must bring suit in the proper court against the executor or administrator, within three months after the date of service of such notice if the claim is then due, or, if not, within two months after it becomes due; otherwise the claim shall be forever barred.''

In their summary of material facts in their opening brief, appellants state:

''In the instant case, a verified claim against the estate of Thomas Lee McNally, Sr., deceased, was filed and served on February 7, 1955. It was rejected by defendant and notice of rejection was filed and served on February 21, 1955, though notice of service of the rejection was not received by plaintiffs' attorneys until February 23, 1955. Plaintiffs' complaint was filed May 31, 1955, three months and ten days after service of notice of the rejection, and five days before the limitation of time on a wrongful death cause of action under Section 340.3, Code of Civil Procedure.''

It is thus apparent that appellants concede that their complaint was not filed within the three months period specified in section 714 of the Probate Code, which no doubt is the

reason that they did not seek to amend their complaint further.

Appellants first contend that the demurrer should have been overruled because their claim is not a claim against the assets of the estate and they quote the following from *Kagee* v. *Bencich,* 27 Cal.App.2d 469, 471 [81 P.2d 265]:

"A claim is required to be presented only when the person presenting it is making some . . . claim against the funds or property of the estate."

Appellants then state that they waive claim against the property of the estate and offer to limit appellants' recovery to the proceeds of whatever liability insurance policy respondent's decedent may have had.

There are several answers to this somewhat novel argument. No insurance company is a party to the action, nor do the pleadings contain any indication that respondent's decedent carried any liability insurance. Furthermore, it is difficult to understand how appellants could assert a claim against any insurance company when they have in effect waived their claim against the property and estate of the alleged insured wrongdoer. Liability insurance, as the term indicates, insures against liability upon the part of the policy holder. ■ When there is no claim against the policy holder, or a claim has been waived, as it has been in this case, there is no liability upon which an action against an insurance company could be founded. Section 11580 of the Insurance Code provides that every liability policy shall include ". . . A provision that whenever judgment is secured against the insured or the executor or administrator of a deceased insured, in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment." By statute then, an injured party's action on the liability policy of the tort feasor can be maintained only following the establishment of liability on the part of the alleged tort feasor. Such liability cannot be established where the injured parties have waived their claims against the alleged wrongdoer.

■ Appellants' next contention is that "Since liability in this matter arose after the death of decedent Thomas Lee McNally, Sr., it was not a claim against the estate which was required to be presented within the purview of section 700 et seq. of the California Probate Code." In support of this contention appellants quote from *Sperry* v. *Tammany,* 106 Cal. App.2d 694, 698 [235 P.2d 847], as follows:

"When a liability arises after the death of the decedent it does not constitute a claim against the estate which is required to be presented for allowance (except funeral expenses and other matters expressly provided in the Probate Code)."

There is no allegation in the complaint that McNally died before Anderson, nor is there any allegation as to the ages of the parties or of Anderson. The complaint does allege that a claim was filed against the estate, from which it may be inferred that appellants believed that Anderson died first.

A more serious contention is the one raised by appellants for the first time in their closing brief. This contention is stated by appellants as follows:

"Since the complaint states a cause of action and it does not affirmatively appear on the face of the complaint, nor, for that matter does it appear in the record at all, that the action was not filed within three months after written notice of rejection of the claim, nor, for that matter, that written notice of rejection was ever given, to sustain a general demurrer was error. If the defense exists at all, it should have been set up by answer, and appellants should have had the opportunity to show that the defense, if properly pleaded, was not in fact good." Appellants argue that the allegation in the amended complaint that "On . . . the 7th day of February, 1955, plaintiffs . . . filed . . . in . . . the Estate . . . a claim for wrongful death . . ." was, as against a general demurrer, a sufficient allegation that a claim had been presented. Appellants cited section 712 of the Probate Code which provides that if the personal representative fails to allow or reject the claim within 10 days, "such refusal or neglect may, at the option of the claimant, be deemed equivalent to a rejection on the tenth day." Appellants then argue that the election may be made at any time after the 10-day period and hence a complaint need only allege that a claim was presented and show that more than 10 days elapsed thereafter in order to state a cause of action. Appellants point out that the instant action was commenced on May 31, 1955, which was more than 10 days after February 7, 1955. They then state that the complaint does not allege that the claim was allowed for payment in the ordinary course of administration nor that the claim was rejected and written notice given more than three months before suit was filed.

Appellants then argue that Probate Code, section 714, which requires that suit be commenced within three months after written notice of rejection of the claim, constitutes a statute

of limitations. They quote from *Estate of Wilcox,* 68 Cal. App.2d 780, where the court said, at page 785 [158 P.2d 32], with reference to said section 714:

" . . . It is there provided that if the holder of a rejected claim does not file suit thereon within the time therein specified 'the claim shall be forever barred.' This provision constitutes a statute of limitations."

Appellants also cite *Lobrovich* v. *Georgison,* 144 Cal.App. 2d 567 [301 P.2d 460], in which the court said at page 575 with reference to section 714:

" 'The statute of limitation is a positive rule of law, and the courts must, when it is pleaded, be governed by it where it applies . . .' (*Adams* v. *Hopkins,* 144 Cal. 19, 28 [77 P. 712]). As a statute of repose it prevents the bringing of action after the period provided for, independent of the existence of prejudice to the defendant."

█ It appears to be the law that the provision as to the time for filing a claim against the estate of a deceased person constitutes a statute of limitations. It also appears, as contended by appellants, that the California courts have consistently held that a demurrer which raises the defense that a statute of limitation bars the action cannot be sustained unless the facts alleged in the complaint show that the action is barred. If all that appears from the facts alleged is that the action *might* be barred, the defense cannot be raised by demurrer. The general rule is as stated in *King* v. *Mortimer,* 83 Cal.App.2d 153, at page 163 [188 P.2d 502]:

"In order that a complaint be vulnerable to attack by demurrer raising a specific statute of limitations, it must affirmatively appear on the face of the complaint that the whole of the cause of action is necessarily barred by the pleaded statute. [Citing cases.]"

█ And in *Vassere* v. *Joerger,* 10 Cal.2d 689, 693 [76 P.2d 656], the court said:

". . . it is well settled that 'a demurrer on the ground of the bar of the statute of limitations does not lie where the complaint merely shows that the action may have been barred. It must affirmatively appear that, upon the facts stated, the right of action is necessarily barred.' (*Pike* v. *Zadig,* 171 Cal. 273, 277 [152 P. 923]; *Curtiss* v. *Aetna Life Ins. Co.,* 90 Cal. 245, 250 [27 P. 211, 25 Am.St.Rep. 114].)"

█ The demurrer to the amended complaint in the instant case was upon the ground that the amended complaint did not state facts sufficient to constitute a cause of action in that

it did not allege the commencement of the action within three months after the date of service of rejection of the claim. This must be considered a general demurrer, for as stated in California Procedure, by Witkin, at page 1477:

"Since the statute of limitations is not a ground of special demurrer under C.C.P. 430, it necessarily falls within the general demurrer provision (C.C.P. 430(6)). . . . The rule developed that, although a general demurrer is an appropriate method of raising the defense, it must do so by specific mention."

Therefore, in view of the fact that it did not appear upon the face of the complaint that the action was barred by the provisions of Probate Code, section 714, we believe that the proper procedure would have been for the court to have overruled the demurrer, and the defense that the action was barred by the statute could have been raised by answer.

However, we do not believe that this error requires a reversal of the judgment in the instant case. Rather do we believe that to do so would be contrary to the intent and purpose of section 4½ of article VI of our state Constitution which reads:

"No judgment shall be set aside, or new trial granted, in any case, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

For the record shows that the same ground of demurrer was raised as to the original complaint, and when the amended complaint was filed there was no allegation that the action had been commenced within the three months period. Furthermore, as hereinbefore set forth, in appellants' opening brief appellants state frankly that their action "was filed May 31, 1955, 3 months and 10 days after service of notice of rejection," thus conceding that their complaint was not filed within the three months period specified in said section 714. It is apparent that appellants did not avail themselves of the permission granted to amend their complaint because they could not allege truthfully or prove that their action was filed within the statutory period. Under such circumstances we believe that the error of the court in sustaining the demurrer with leave to amend did not result in a miscarriage of justice. To

hold otherwise would in our opinion be to fly in the face of the plain and meaningful language of section 4½ of article VI of our Constitution, and would unreasonably and unnecessarily substitute form for substance.

The administration of justice is not improved by slavish adherence to technical rules of pleading, and where, as here, the fact of the failure to file the action within the statutory period is admitted, we believe that the judgment should be affirmed.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.