**Harry E. WARREN, Appellant,**

v.

**John P. LAWLER, H. Glenn Lawler, Edna S. Lawler, Elizabeth L. Ashley, Individually and as Executors of the Estate of John Lawler, Deceased, Appellees.**

**No. 19357.**

United States Court of Appeals
Ninth Circuit.

March 19, 1965.

---

Rudolph J. Scholz, Everett S. Layman, Jr., San Franciso, Cal., for appellant.

Wm. Dopkins, Cameron & Dopkins, Dunnell & Dunnell, Fairfield, Cal., for appellees.

Before MADDEN, Judge of the Court of Claims, and HAMLEY and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge.

Harry E. Warren brought this action in the district court on February 6, 1964, to recover damages alleged to have been sustained in connection with a certain option agreement. The defendants are John P. Lawler, H. Glenn Lawler, Edna S. Lawler and Elizabeth L. Ashley, named individually and as executors and executrices of the estate of John Lawler, Sr., deceased (Lawler). Federal court jurisdiction rests on diversity of citizenship.

Defendants moved to dismiss the action on the ground that, for several independent reasons, the complaint fails to state a claim upon which relief can be granted. The district court granted the motion, but did not indicate its reasons for doing so. The court thereafter entered a judgment dismissing the action with prejudice. Warren appeals, contesting the merits of each ground advanced by defendants in support of the motion to dismiss.

The complaint sets forth three claims. In the first, Warren states that, on February 28, 1955, he and Lawler entered into an agreement whereby Warren acquired the exclusive option to purchase a two-thousand-acre tract of land in Solano County, California owned by Lawler. He asserts that on May 26, 1956, he sold and assigned his interest in this agreement to James A. McKeller for the sum of twenty-one thousand dollars, none

of which he received. Warren further alleges that, also on May 26, 1956, McKeller and Lawler entered into a revised option agreement, referred to herein as the McKeller option, completely superseding the 1955 agreement.[1]

In his first claim Warren also asserts that on May 26, 1956, he and Lawler entered into a second option agreement, referred to herein as the Warren option.[2] Warren alleges that the McKeller option was terminated by mutual agreement on March 11, 1959, except that McKeller retained a "credit" of twenty-one thousand dollars. At a subsequent date unknown to him, Warren avers, McKeller abandoned his "claim" and Warren became entitled to it. He further alleges that, upon termination of the McKeller option, the Warren option became effective.

As a part of his first claim Warren also states that Lawler died on July 31, 1960, and that defendants are the duly qualified and acting executors of his estate. Warren avers that, by written agreement between him and defendants, the Warren option expired September 1, 1961, and that, prior thereto, Warren offered to purchase one hundred acres pursuant to the terms of the Warren option. In consideration of Warren's cancellation of this offer, Warren states, defendants orally agreed that the Warren option would be extended to October 1, 1961. In reliance upon this extension, Warren alleges, he changed his position to his detriment by cancelling his offer.

With further reference to his first claim, Warren avers that, on September 27, 1961, he entered into a written agreement with one York Boyajian to sell to the latter, for the sum of $150,000, a described parcel of one hundred acres of the property covered by the Warren option. Warren alleges that, on or about September 28, 1961, he requested defendants to comply with the terms of the Warren option by depositing in escrow a deed to the one hundred acres to be sold to Boyajian, the purchase price of which, under the option, would be $120,000. According to the complaint, defendants refused to comply upon the ground that Warren had no option. In his first claim Warren therefore seeks damages in the sum of thirty thousand dollars, representing the asserted profit he would have made on the sale of the one-hundred-acre tract.

In his second claim Warren, after incorporating by reference the allegations of his first claim, asserts that over a period of six years prior to the commencement of this suit, he expended $47,501.47 in preparing for the fulfillment and exercise of his rights under the Warren option. Recovery of this amount is sought. In his third claim, Warren alleges that defendants are indebted to him in the sum of twenty-one thousand dollars for money had and received by defendants for the use and benefit of Warren, demand therefor having been made and refused. The total recovery sought on all three claims is $108,501.47.

In their motion to dismiss the action upon the ground that the complaint fails to state a claim upon which relief can be granted, defendants advance the following independent reasons why the mo-

1. A copy of the McKeller option is attached to the complaint. Under it, McKeller obtained the right to purchase one-hundred-acre blocks of the two-thousand-acre Lawler tract, beginning October 1, 1957, and on or before October 1 of each succeeding year. This right was made subject to specified terms, conditions and exceptions and at stipulated prices per acre. All rights under the McKeller option were to terminate at the end of fourteen years.

2. A copy of the Warren option is attached to the complaint. Under it, Warren had the exclusive right to purchase one-hundred-acre blocks of the two-thousand-acre Lawler tract in the event McKeller defaults on the McKeller option and that option is terminated. Many of the terms of the McKeller option were included in the Warren option by reference, and many other terms were expressly excluded. Under the Warren option Lawler agreed not to extend the time in which McKeller is authorized and permitted to do any act under the McKeller option without the written consent of Warren.

tion should be granted: (1) the matters embraced in the complaint have been adjudicated between the same parties in action No. 37213 in the Superior Court of the State of California, in and for the County of Solano; (2) in filing the federal court action Warren is attempting to split a cause of action which could have been adjudicated in the state action; (3) the complaint fails to set forth, and Warren cannot allege, that a timely claim was filed by Warren in the Lawler estate, and the claims are therefore barred under California Probate Code § 707; (4) any claim that Warren might have on a breach of a purported oral agreement made by defendants is barred by the statute of limitations set forth in California Code of Civil Procedure § 339(1); and (5) the option agreements in question do not contain a description of the parcels of real property sufficient for ready identity, and these agreements are therefore barred under California Civil Code § 1624(4) and California Code of Civil Procedure § 1973(4).

In support of one or more of these asserted reasons for granting the motion to dismiss, defendants attached to their motion copies of three documents in the state court action and an affidavit.

From the state court documents it appears that the defendants, individually and as executors of the estate of Lawler, brought the state action to quiet title to the two-thousand-acre Lawler tract referred to in the McKeller and Warren options. Warren and McKeller were named defendants in that action. On June 15, 1962, Warren filed an answer and cross complaint. In the latter, Warren attempted to state two causes of action. As to the first, he made allegations generally similar to those contained in his first claim in his complaint in the district court action now before us. He further alleged in the first cause of action in his cross complaint, however, that his remedy at law would not be adequate. Accordingly, he asked for specific performance of defendants' "oral agreement and said option agreement."

The second cause of action stated in Warren's cross complaint in the state proceeding incorporated by reference the background allegations of the first cause of action in the cross complaint. Warren further alleged that, in August, 1961, defendants, with the intent to induce Warren to cancel his "bona fide" offer to purchase a portion of the two-thousand-acre tract so that the Warren option would thereafter expire, fraudulently represented to him that they would extend that option to September 30, 1961.

Warren further averred that defendants fraudulently failed to disclose their true intention to treat the Warren option as expired on September 1, 1961, if not validly exercised before that time. Relying on these representations, Warren alleged, he failed to exercise his option rights prior to September 1, 1961, and did not exercise them until September 27, 1961. On the basis of these allegations Warren asked that, in the event the state court determines that the option agreement was terminated on September 1, 1961, that general damages in the sum of $315,000 and exemplary damages in the sum of one hundred thousand dollars be awarded.

The documents appended to the motion to dismiss further show that appellees demurred to Warren's cross complaint in the state action on numerous grounds. They also show that, on December 19, 1962, the court sustained the demurrer on the ground that there is nothing in the option agreement which indicates where any of the one-hundred-acre parcels of the two-thousand-acre Lawler tract which might be purchased shall be located or what their dimensions or shape shall be. The superior court indicated in its order sustaining the demurrer that, in view of this fact, the California statute of frauds is applicable.

The third state court document attached to the motion to dismiss is a judgment in the state court action, entered on March 13, 1964, declaring defendants (plaintiffs in that action) to be the owners of the two-thousand-acre Lawler tract, and declaring that Warren has no

right, title or interest therein. This judgment contains a recital to the effect that Warren had stipulated that defendants should have judgment as to the first cause of action, and had waived findings of fact and conclusions of law. We presume that this first cause of action was one to quiet title since that is the nature of the judgment. While the judgment recites that Warren waived findings of fact and conclusions of law, the judgment contains several such findings and conclusions.[3]

The affidavit attached to the motion to dismiss recites that the final decree of distribution in the Lawler estate was entered on February 3, 1964, and that prior thereto, Warren had not presented any claim therein.

■ Since these matters outside the complaint were presented to and not excluded by the court, the motion to dismiss for failure to state a claim upon which relief can be granted must be treated as one for summary judgment.[4]

Warren contends that, on the showing described above, there is no reason why the district court should have dismissed the action on the ground that the complaint fails to state a claim. In passing upon this contention we will first consider, together, the first two claims set out in Warren's complaint. They are both predicated on the theory that the War-

ren option was a valid agreement in full force and effect at the time Warren assertedly sought to exercise his rights thereunder.

The first reason advanced by defendants why neither of these claims state a claim upon which relief can be granted is that the matters embraced in these claims were adjudicated in the state action.

Warren argues that the principal and controlling issue in the state action, as in any action to quiet title, was as to the ownership of property. He asserts that, in that action, it was established only that the Warren option cannot be specifically enforced and therefore his rights under that agreement were not a defense to a claim to quiet title. Such a holding, he argues, does not adjudicate any claim for damages he may have arising out of the breach of the option agreement.

■ If Warren means to contend that a cross complaint seeking specific performance of an option to purchase land may not be entertained in a quiet title action in California, he is mistaken. See Dunlop v. Hersum Lumber Co., 126 Cal. App.2d 815, 273 P.2d 22. If he means to contend that this was the ground on which the demurrer was sustained to Warren's cross complaint seeking specific performance in the state action in

---

3. Among such findings are the following: On May 26, 1956, Lawler and Warren entered into an option agreement, a copy of which was attached to the complaint in that action, marked Exhibit B, and that thereafter Lawler and McKeller terminated by mutual agreement a certain revised agreement mentioned and set forth in Exhibit B. Without fault on the part of Lawler or defendants (plaintiffs in the state action), Warren failed to make a bona fide offer to purchase any property under that option agreement. On or about October 5, 1960, defendants and Warren entered into an agreement by which they agreed that unless the option was exercised on or before September 1, 1961, all rights of Warren thereunder would terminate. In consideration of the extension of the option agreement Warren waived all claims that he might have

or could have against the estate of Lawler, the executors of the estate, and their heirs, executors or assigns, up to and including September 1, 1961.

The state court judgment contains the further finding that, without fault on the part of defendants, Warren failed to purchase any part of the property on or before September 1, 1961, or at any time thereafter. The state judgment contains the conclusion of law that all rights of Warren under the. terms and provisions of the option agreements and the extension thereof terminated.

4. Rule 12(b), Federal Rules of Civil Procedure; Lone Star Cement Corp. v. F.T.C., 9 Cir., 339 F.2d 505, 509; International Longshoremen's and Warehousemen's Union v. Kuntz, 9 Cir., 334 F.2d 165, 168; 2 Moore's Federal Practice, 2d ed., § 12.09, page 2256.

question, he is also mistaken.[5] As the order sustaining the demurrer indicates, the demurrer was sustained on the ground that the Warren option is invalid under the California statute of frauds because of an uncertain property description.[6]

 Warren contends that the state court judgment did not result from a trial on the merits and that res judicata therefore does not attach to that judgment. In support of this argument Warren asserts that he voluntarily "dismissed" his cross complaint. But since the state court had already sustained a demurrer to that pleading such a voluntary dismissal had no significance other than to evidence acquiescence in the ruling. Goldtree v. Spreckels, 135 Cal. 666, 67 P. 1091, 1093.

 It is true, as Warren contends, that he was not required to set up his damage claims by way of counterclaims in the quiet title action. But he could, and did, set up these claims by way of a cross complaint. Sawyer v. Sterling Realty Co., 41 Cal.App.2d 715, 107 P.2d 449. As a result the court adjudicated those claims and found them to be without merit. Moreover, apart from the cross complaint, defendants' claim for quieting title was, as before stated, adjudicated on a basis which undermines Warren's first two claims in the federal action.

The state court holding that the Warren option is invalid constitutes a prior adjudication, between the same parties, of an essential issue in the first two claims in the suit before us. Since that adjudication was adverse to Warren it precludes him from prevailing on either of those claims. Sawyer v. Sterling Realty Co., 41 Cal.App.2d 715, 107 P.2d 449.

 In addition, the state court judgment indicates on its face that another essential issue in the first two claims in the case now on appeal, was there adjudicated adversely to Warren. That issue is whether Warren made a bona fide offer to purchase any property covered by the Warren option under the terms of that option as extended. Since it was there adjudicated that Warren made no such offer, he is necessarily precluded from recovering on either of his first two claims in the federal action.

Warren contends that we should hold otherwise because the state court refused to allow him to amend his cross complaint to include an action for damages by reason of breach of contract. He argues that, by reason of this fact he has not had his day in court on the issue of breach of contract.

There is nothing in the record which was before the district court to indicate that Warren was denied the right to amend his cross complaint in the manner indicated. But, to establish the fact, Warren has appended to his opening brief on this appeal, copies of several documents in the state court action in addition to those annexed to defendants' motion to dismiss. In explanation, Warren asserts in his opening brief that the district court acted without sufficient record because defendants "failed to carry its burden of proof" by presenting the entire certified state court judgment roll. Warren also asks this court to take judicial notice of the records which he appended to his brief.

 Since, as above indicated, the motion to dismiss was converted into a

---

5. Both of these contentions also overlook the fact that the cross complaint undertook to state two causes of action, the second being to recover damages for fraud in connection with the purported extension of the option period. This claim also fell when the demurrer to the cross complaint was sustained, but obviously not because it involved specific performance. The state court apparently reasoned that since the basic option agreement was invalid under the statute of frauds, the claim that there was fraud in connection with the extension of the option period must be without foundation.

6. While the state court judgment does not cite the statute held to be applicable, the statutes relied upon were probably California Civil Code § 1624(4) and California Code of Civil Procedure § 1973(4).

motion for summary judgment, and since defendants had, by their appended state court documents, established facts which would appear to support that motion, Warren had a duty to come forward in the district court with any additional or controverting facts which would call for a different result. See International Longshoremen's and Warehousemen's Union v. Kuntz, 9 Cir., 334 F.2d 165, 169, note 5; Duarte v. Bank of Hawaii, 9 Cir., 287 F.2d 51, 53–54. He did not do so.

We have nevertheless examined the documents *de hors* the record which Warren has attached to his brief, counsel for defendants having stated at the oral argument that he had no objection to this being done. A summary of these documents is set out in the margin.[7]

Nothing in connection with the denial of Warren's untimely motion to file a second cross complaint setting up a claim for damages based on breach of the Warren option, or in connection with any of the other state court proceedings summarized in note 7, convinces us that the essential issues of a claim of that kind were not adjudicated in the state case. The essential issues as to whether the Warren option was valid under the statute of frauds and whether Warren had made a bona fide offer thereunder were expressly decided adversely to Warren in acting upon the demurrer to the

cross complaint and in determining that defendants (plaintiffs in the state action) were entitled to a judgment quieting their title to the Lawler property.

██ ██ Warren calls attention to the fact that the state court judgment recites that Warren stipulated that defendants have judgment quieting title and "waived findings of fact and conclusions of law." Because of this, he argues, the findings and conclusions nevertheless entered should be disregarded. But this amounts to a collateral attack upon the state judgment. We must accept that judgment at its face value. If the court erred in entering such findings and conclusions notwithstanding the stipulation, Warren should have moved for reconsideration or appealed on that ground.

We therefore hold that, as to the first two claims stated in Warren's complaint in the federal action, dismissal was required on the ground of res judicata. It is unnecessary to decide whether dismissal as to those claims was also required on one or more of the other grounds urged by defendants.

Turning now to Warren's third claim herein, for recovery of twenty-one thousand dollars on the theory of money had and received, the setting is different. The third claim contains no allegations relating to the option transactions dealt with in the state action.[8] If there is

7. These documents indicate that, after the court sustained the demurrer to the cross complaint on December 13, 1962, Warren, on February 25, 1963, instructed the clerk of the state court to "dismiss" the cross complaint. On December 23, 1963, Warren moved for leave to file a cross complaint seeking damages for alleged fraud. His pre-trial statement, filed on December 26, 1963, also contemplated the issue of damages for breach of the Warren option. The motion to file a cross complaint was denied on December 31, 1963, as untimely.

Having commenced this federal court action on February 6, 1964, Warren moved in the state proceeding on March 2, 1964, to stay the trial of the state action pending disposition of the federal proceeding. The motion was denied. On March 6, 1964, Warren filed in the state action a dismissal of his answer. After

entry of the state court judgment on March 13, 1964, Warren took an appeal to the District Court of Appeal of the State of California, First Appellate District. The sole point on appeal advanced by Warren was that the state trial court erred in denying his motion to file a proposed second cross complaint. Counsel for Warren advised this court at the oral argument that he had later dismissed this appeal.

8. The allegations pertaining to the third claim read as follows:

"1. Plaintiff is informed and believes and thereon alleges that defendants are the duly qualified and acting executors of the estate of John Lawler, deceased.

"2. Defendants are indebted to plaintiff in the sum of $21,000.00 for money had and received by defendants at San Francisco, California for the use and

such a connection, it must be inferred from allegations under the first two claims. It is therein alleged that Warren sold his 1955 option to McKeller for twenty-one thousand dollars, which sum was not paid to him, and that when the McKeller option was terminated McKeller retained a "credit" of twenty-one thousand dollars.

█ A contention that a claim has been adjudicated in another action should be supported by something more substantial than inference. But even assuming that there is a connection between Warren's third claim and the option transactions dealt with in the state action, the documents before us do not conclusively demonstrate that this claim or any essential element of the claim was adjudicated in that action.

No specific claim for the recovery of twenty-one thousand dollars on the theory of money had and received was made by Warren in his cross complaint in the state action. Under California law, such a claim would not be a compulsory counter claim in a suit to quiet title, because it does not tend to diminish or defeat a claim to quiet title.[9]

It was adjudicated in the state action that the Warren option was invalid under the statute of frauds. But if defendants received and retained twenty-one thousand dollars to which Warren is otherwise entitled, as consideration for an invalid option, the adjudication of invalidity tends to establish rather than preclude such a claim. It was adjudicated in the state action that Warren did not exercise the option prior to its termination. However, this would not stand in the way of recovering twenty-one thousand dollars paid for the option, if that agreement was invalid and hence could not have been effectively exercised.

benefit of plaintiff; that although demand was made on defendants for the payment thereof, neither the whole or any part thereof has been paid and said sum is due, owing and unpaid from defendants to plaintiff."

Defendants argue that, according to recitals contained in the state court judgment, Warren agreed to waive all claims that he might or could have against the estate of Lawler, the executors of the Lawler estate and their heirs, executors or assigns. By reason of this recital, defendants appear to contend, the state court judgment constitutes an adjudication that Warren has released defendants from any claims such as stated in the complaint before us.

█ There is a recital in the state court judgment to the effect that, on October 5, 1960, defendants and Warren entered into an agreement providing for termination of the option on September 1, 1961, and that in consideration of the extension of "said" agreement Warren " * * * waived all claims that he might or could have against * * *." Lawler, the executors of Lawler's estate and their heirs, executors or assigns, up to and including September 1, 1961.

There is nothing to indicate that Warren's third claim did not arise subsequent to September 1, 1961. Moreover, the state court judgment does not establish whether the extension agreement was valid, and respected by defendants, and could therefore serve as consideration for such a waiver. Nor does it appear conclusively that the waiver referred to ran in favor of defendants in their individual capacities as distinguished from their capacities as executors and executrices of the Lawler estate. In addition, we do not regard the recital in question as an adjudication of any kind. The judgment appears to rest upon the entirely different ground that Warren did not make a timely bona fide offer. There also inheres in the state court judgment the ground relied upon by that court for sustaining the demurrer to the cross complaint—that the Warren option was invalid under the statute of frauds.

9. See California Code of Civil Procedure, §§ 438, 439; Black v. Dillon, 213 Cal. App.2d 295, 296, 28 Cal.Rptr. 678; Zainudin v. Meizel, 119 Cal.App.2d 265, 259 P.2d 460, 463; Ward v. Goetting, 44 Cal. App. 435, 438, 186 P. 640, 642.

We therefore hold that the third claim does not embrace matters which were adjudicated in the state action and that this claim is therefore not subject to dismissal, on that ground, for failure to state a claim upon which relief can be granted.

Defendants argue that the third claim does not state a claim upon which relief can be granted because it is barred by California Probate Code § 707. Section 707 provides in part that "(a)ll claims arising upon contract" must be filed or presented within the time limited in the notice or as extended by the provisions of section 702 of that code; and that any claim not so filed or presented is, subject to certain exceptions not here applicable, barred forever.[10]

The third claim is based on the theory of money had and received, and is therefore an action on an implied contract. See Oswald v. Pacific Elec. Ry. Corp., 7 Cal.App.2d 178, 46 P.2d 240. An action on an implied contract is a claim "arising upon contract" within the meaning of section 707. Chahon v. Schneider, 117 Cal.App.2d 334, 256 P.2d 54, 61. A complaint does not state a claim against the executor of an estate based on implied contract unless it contains an allegation that the claim was filed with the clerk or presented to the executor as required by California Probate Code § 701. See Chahon, supra; Reed v. Reed, 178 Cal. 187, 172 P. 600, 601. The complaint herein contains no such allegation.

The rule just stated, however, is applicable only to an implied contract arising during the lifetime of the decedent. If the asserted indebtedness was not incurred in his lifetime, it is a matter to be adjusted between the claimant and the executors of the decedent and the filing of a claim is not required.[11]

The allegations under the third claim of the complaint do not state that the indebtedness therein referred to arose after Lawler's death. Such an allegation is essential with regard to the claim insofar as it is asserted against the estate.[12] But we think the court, instead of dismissing the third claim for this reason should only have dismissed the complaint, insofar as the third claim is directed against the estate, with leave to amend. This would have enabled Warren to file an amended complaint alleging that the third claim arose after Lawler's death, if that is the fact.

As to the defendants in their individual capacities, defendants' section 707 contention discussed above has no application.

Defendants argue that the third claim does not state a claim upon which relief can be granted because it is barred by the two-year statute of limitations contained in California Code of Civil Procedure § 339(1).

An action for money had and received is barred, under section 339(1), if not filed within two years after such money was assertedly received by the defendants. See Goldman v. Lombardi, 135 Cal.App.2d Supp. 851, 287 P.2d 173, 174; Orloff v. Metropolitan Trust Co., 17 Cal.2d 484, 110 P.2d 396, 399. Since there is nothing in the allegations concerning the third claim to indicate when the twenty-one thousand dollars was assertedly received by defendants, that claim is not subject to dismissal on that ground at this time.

The judgment is affirmed as to the dismissal of the first two claims stated in the complaint and reversed as to the third claim. The cause is remanded to the district court for further proceedings consistent with this opinion.

10. California Probate Code, § 716, provides that no holder of a claim against an estate shall maintain an action thereon unless the claim is first filed with the clerk or presented to the executor or administrator, with an exception not here applicable.

11. See Schirmer v. Lyback, 193 Cal.App.2d 807, 14 Cal.Rptr. 700, 702; Anderson v. McNally, 150 Cal.App.2d 778, 310 P.2d 975, 977; Sperry v. Tammany, 106 Cal. App.2d 694, 235 P.2d 847, 849.

12. See Schirmer v. Lyback and Anderson v. McNally, note 11.