STOUT, Respondent, vs. WEAVER, Appellant.

*August 30 — September 18, 1888.*

*Vendor and purchaser of land: Written contract: Parol evidence to explain: Certainty: Specific performance: Judgment.*

1. Defendant agreed to sell to the plaintiff " ten acres of land bought of T. B. and now in my possession, . . . for $150 per acre, $500 to be paid when contract is given, $500 in one year, and $500 in two years." In an action to compel specific performance, *held,* that parol evidence was admissible to show that the contract referred to in the agreement was an executory contract for the sale of the land by T. B. to the defendant, which constituted the latter's only title to the land, and that this contract was to be assigned to the plaintiff on payment of the first $500; that such contract itself, containing the description of the land, was admissible in evidence; and that such evidence rendered the agreement in suit sufficiently definite and certain.

2. A judgment, in such case, that the defendant assign to the plaintiff the contract from T. B., subject to payment of the amount unpaid and to become due thereon, such amount to be deducted from the $1,500 due upon the agreement in suit, is as favorable to the defendant as possible, and he cannot complain thereof.

APPEAL from the Circuit Court for *Ashland* County.

The case is sufficiently stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Miles & Shea,* and oral argument by *J. J. Miles.*

Stout vs. Weaver.

For the respondent there was a brief by *Tomkins, Merrills & Smith,* and oral argument by *W. M. Tomkins.*

ORTON, J. This is a complaint for the specific performance of the following contract: "ASHLAND, WIS., April 19, 1887. Received of *F. E. Stout* five dollars as partial payment on ten acres of land bought of T. Bardon and now in my possession. I agree to sell this land to *F. E. Stout* for $150 per acre, $500 to be paid when contract is given, $500 in one year, and $500 in two years. [Signed] FRED WEAVER." The complaint contains the necessary averments of performance and offer to perform by the plaintiff, and demand and refusal to comply by the defendant. The answer is a general denial.

On the trial, the plaintiff, as a witness in his own behalf, testified, without objection, substantially that the contract referred to in the agreement was the contract between the defendant and one Thomas Bardon, by which certain ten acres of land were purchased by the defendant from said Bardon, dated November 24, 1885, and that the same land was sold to the plaintiff. This contract was introduced in evidence, against the objection of the defendant. According to the terms of said contract said Bardon was to make the defendant a deed to said ten acres, on the payment of $500 and interest, November 24, 1890. This contract was to be assigned and delivered to the plaintiff upon the payment of the first $500 mentioned in the agreement above set forth. By reference to said contract both the description of the lands sold and the meaning of the reference to a certain contract which was to be given or delivered on the payment of the first $500, were made certain. It is now contended that such evidence was incompetent, and that the contract sought to be enforced is void for uncertainty. It will be observed that both the Bardon sale to the defendant, and that a certain contract was to be de-

livered, are mentioned in this contract. By reference to the Bardon sale, the contract meant is made clear. This evidence was competent, "not to vary the terms of a written contract or to explain patent ambiguities in it, but to facilitate the construction of terms obscure in themselves, in relation to the *subject matter*, on the face of the contract." This quoted language is taken from the opinion of Chief Justice RYAN in *Lyman v. Babcock*, 40 Wis. 503, a case involving similar references in the contract. Such evidence is proper, "in order to ascertain *the nature and qualities* of the subject to which the instrument refers." 1 Greenl. Ev. §§ 286, 288; *Ganson v. Madigan*, 15 Wis. 144; *Prentiss v. Brewer*, 17 Wis. 635; *Rockwell v. Mut. L. Ins. Co.* 21 Wis. 548; *Sawyer v. Dodge Co. Mut. Ins. Co.* 37 Wis. 503; *Horner v. C., M. & St. P. R. Co.* 38 Wis. 165. There can be no question but that this evidence was proper.

The court found the terms and description of the land of the Bardon contract; and that said contract was the one referred to in the agreement set out in the complaint; and that the intention was that said contract should be assigned by the defendant to the plaintiff on the payment of the first $500; and that the plaintiff had substantially performed, or is willing to perform, his contract; and that the defendant has refused to perform on his part,— and the conclusion of law is that the defendant assign to the plaintiff said contract, subject to the payment of said $500 and interest to said Bardon, to be deducted from the $1,500 due upon the contract in suit. A deed of the premises could not be obtained, on account of the money payable to Bardon not being yet due. The findings were excepted to by the defendant. This judgment is as favorable to the defendant as possible, and he has no right to complain. He denied the contract and the plaintiff's rights under it, in his answer, without alleging anything affirmatively against the relief demanded, and the evidence was that when the plaint-

iff made demand of performance he said that "he wished to back out, and had sold the land to some one else, and that the plaintiff would never get it."

*By the Court.*— The judgment of the circuit court is affirmed.