[No. 13400.    Department Two.—February 3, 1890.]

WASHINGTON MANN, RESPONDENT, v. CHARLES HIGGINS, APPELLANT.

SPECIFIC PERFORMANCE — CONTRACT FOR LAND AND MONEY — ENTIRETY — PLEADING — MISJOINDER OF CAUSES. — When the alleged contract of which the specific performance is sought provides for a conveyance of certain real estate, and the payment of a certain sum of.money in addition, in consideration of certain services of plaintiff, a complaint seeking specific performance of the agreement to convey, and also a judgment for the sum of money agreed to be paid, is not demurrable for misjoinder of causes of action.    The contract is an entirety, and must be enforced as such.

ID. — CONTRACT FOR SERVICES — PERFORMANCE OF SERVICES — PLEADING — SUFFICIENCY OF CAUSE OF ACTION. — A complaint alleging as considera-tion of defendant's agreement to convey certain described land to plain-tiff, and a certain sum of money in addition, that it was agreed between them that plaintiff should use his knowledge and influence in behalf of and render certain services to defendant, to enable defendant to take the preliminary steps to acquire title to certain lands from the United States, and that he did use such knowledge and render such services, whereby defendant was enabled to, and did, take such steps as would enable him to acquire such lands, sufficiently states a cause of action.

ID. — STATUTE OF FRAUDS — SUFFICIENCY OF MEMORANDA — PAROL EVI-DENCE TO EXPLAIN FIGURES. — A written memorandum describing the land sold, and stating that it was all sold to a purchaser named for value received, and signed by the vendor, with two sets of figures prefixed, without a dollar-mark, the first of which is shown by parol evidence to denote a total sum of money due from the vendor to the purchaser, of which the land was part payment, and the second a certain other sum which still remained due after the price of the land was deducted, and another memorandum, made at the same time, showing the same balance due to the purchaser, in figures, with the dollar-mark prefixed, and ap-pending after the signature of the vendor a reference to each tract of land sold, with figures annexed, which were shown to denote the agreed price of each tract, and the sum of which corresponds to the difference between the sets of figures prefixed to the first memorandum, constitute, when taken together, sufficient memoranda to satisfy the statute of frauds; and parol evidence is admissible to explain the figures in such written memoranda.

INSTRUCTION — PREPONDERANCE OF EVIDENCE — MISUSE OF TERMS. — The misuse of the word "testimony," instead of the word "evidence," in an instruction upon the subject of the preponderance of evidence, is not such an error as would probably mislead the jury.

APPEAL from a judgment of the Superior Court of the county of Fresno, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Meux & Edwards,* and *Reddy, Campbell & Metson,* for Appellant.

*E. W. Risley,* and *T. P. Ryan,* for Respondent.

McFARLAND, J. — The complaint avers that for a certain consideration named defendant agreed to pay plaintiff the sum of six thousand four hundred dollars, and that two thousand two hundred dollars of said amount was to be satisfied by the conveyance to plaintiff by defendant of certain described land which defendant agreed to so convey, leaving four thousand two hundred dollars due plaint..f after such conveyance. There was also an averment of an agreement by defendant, made in the same contract, to purchase certain personal property from plaintiff for $475; but as that item was abandoned by plaintiff at the trial, it need not be further considered. Certain special issues were submitted to a jury, who found them favorably to plaintiff. The court adopted them, and made other findings, and judgment was given to plaintiff for the four thousand two hundred dollars, and decreeing a conveyance from defendant to plaintiff of the said lands. Defendant appeals from the judgment, and from an order denying a new trial.

Appellant demurred to the complaint, on the grounds that several causes of action were improperly joined, and that the complaint was ambiguous, unintelligible, and uncertain. He contends that the court erred in not sustaining these grounds of demurrer; but the rulings of the court on these subjects are not specified as errors in the statement on motion for a new trial. Assuming that they can be considered here, although not contained in the assignment of errors, we think that the points were not well taken. As the alleged contract was an entirety, and defendant's promises were all founded upon the same consideration, we think that, not only could plaintiff have judgment in the same action for the money and

for the specific performance of the agreement to convey, but that it was his duty to unite them both in the same action if he wished to enforce both. Neither do we think that the complaint was fatally defective on account of ambiguity, uncertainty, etc.

And we think, also, that the point that the complaint does not state facts sufficient to constitute a cause of action cannot be maintained. The facts alleged as constituting the consideration of defendant's promises are these: That " plaintiff and defendant entered into a certain agreement, whereby it was agreed between them that plaintiff should use his knowledge and influence in behalf and render certain services to defendant, to enable defendant to take the preliminary steps to acquire from the United States for himself, or those whom he might name, the title to " certain named legal subdivisions of government land containing 320 acres; and that he did use such knowledge and render such services, etc., by which defendant was enabled to, and did, take such preliminary steps as will enable him to acquire such lands. We think this was a sufficient statement of a cause of action.

Appellant contends that there was no sufficient " note or memorandum in writing " of defendant's agreement to convey to plaintiff the property described in the complaint. The written memorandum was as follows: —

" 6875.

" 4675.

" Lots 5, 6, 7, and 8, in fractional block E, of Cooper's Addition to Selma; 1 acre in Selma, described as follows, to wit, in the southwest corner of section 5, township 16, range 22, all sold to W. Mann, for value received.

" Charles Higgins."

There was also another memorandum made at the same time, which, after mentioning certain horses and other personal property, ended with the words, "Due W. Mann, $4,675. Charles Higgins"; and immediately below

defendant's name were the words, "One acre in Selma, 1,000; 4 lots, 1,200." We think that the memoranda were sufficient. The figures "6875" were shown to be the $6,400 which defendant was to pay plaintiff, with the additional $474, at that time contemplated to be paid for the personal property; and the "4675," found in both memoranda, the amount remaining after deducting the $2,200 for the land at Selma. The facts here are materially different from those in *Breckinridge* v. *Crocker,* 78 Cal. 529.

We have examined the assignments of error alleged to have been committed in rulings on the admissibility of evidence, and we think that none of them are tenable. They are mostly founded on the theory that there could be no explanation of the written memoranda.

The court, when instructing the jury on the subject of the preponderance of evidence, used the word "testimony," instead of "evidence"; and appellant contends that this was a reversible error. Of course "evidence" is the more comprehensive word, and includes "testimony," which latter, strictly speaking, means only that evidence which comes from living witnesses who testify orally. But in common language, and sometimes even among lawyers, the two words are frequently used synonymously; and it is entirely improbable that the jury was misled in the premises.

The fact is, that the real struggle of this case centered around the truth and weight of the evidence. But the evidence was certainly conflicting, and the responsibility of determining the questions of fact was with the jury and the trial court. And we see no good reason to disturb the view which the judge of the court below took of the alleged newly discovered evidence.

Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.