## FARRELL v. EDWARDS.

1. The power of an agent to execute a binding contract for the sale of land
   may be established by letters and telegrams received from his principal.

2. The facts and circumstances disclosed by correspondence between appel-
   lant and his purported agent examined, and *held* to be sufficient to au-
   thorize such a contract, and sustain a decree which binds the former to
   execute and deliver to respondent a deed upon payment of the purchase
   price according to the terms of said contract.

(Opinion filed April 7, 1896.)

Appeal from circuit court, Brookings county. Hon. J. O.
ANDREWS, Judge.

Action to enforce specific performance of a contract to con-
vey land. Plaintiff had judgment, and defendant appeals. Af-
firmed.

The facts are stated in the opinion.

*Alexander & Hooker* and *Mathews & Murphy*, for appellant.

Where an action is brought for the specific performance of
an agreement to sell real estate, the evidence must be clear,
competent, direct and satisfactory of the terms of the contract
and the authority of the agent to make it. Hadfield v. Skelton,
34 N. W. 397; Hazelton v. Putnam, 3 Pin. 107-121; Knowlton v.
Harvey, 19 Wis. 99; Burlington Ry. Co. v. Sherwood, 17 N. W.
564; Mathews v. Soule; 11 N. W. 587; Graves v. Horton, 35 N.
W. 568; Stillman v. Fitzgerald, 33 N. W. 564. See also Gil-

bert v. Baxter, 32 N. W. 364; Olson v. Erickson, 44 N. W. 317; Hornsby v. Hause, 29 N. W. 119; 8 Am. & Eng. Ency. Law 721; Cases cited in note 2, Id.; Rutenberg v. Main, 47 Cal. 213.

*Cheever & Hall*, for respondent.

Authority to sell real estate necessarily gives authority to the agent to convey and make all necessary papers. Haydock v. Stow, 40 N. Y. 360; 1 Amer. & Eng. Encyc. of Law, 366; Fogerty v. Sayer, 17 Cal. 592; People v. Boring, 8 Cal. 407; Valentine v. Piper, 22 Pick. 85; Broom's Legal Max. 571; Smith v. Allen, 86 Mo. 178. The letters of the defendant were ample and sufficient memoranda to take the case out of the statute of frauds, and make a valid contract for conveyance of land. Ballon v. Sherwood, 49 N. W. 790; Adams v. Thompson, 44 N. W. 74; Ross v. Passe, 28 Pac. 473, Mann v. Higgins, 83 Cal. 66; Romans v. Langevin, 25 N. W. 638; Stout v. Weaver, 39 N. W. 375; Vindquist v. Perky, 20 N. W. 301; Ottumwa v. McWilliams 32 N. W. 315; Combs v. Scott, 45 N. W. 532; Easton v. Thatcher, 25 Pa. 729; Towle v. Carmeli L. Co., 53 Pa. 1126. See also Lee v. Cherry, 85 Tenn. 707; Kennedy v. Granling, 33 S. C. 367; Hollis v. Burgess, 37 Kan. 487; Van Epps v. Clock, 7 N. Y. S. 21; Prebble v. Abraham, 26 Pac. 99. Parol evidence is always admissible for the purpose of identifying land in cases brought for specific performance. Stout v. Weaver, 39 N. W. 375; Combs v. Scott, 45 N. W. 532; Ballon v. Sherwood, 49 N. W. 532; Adams v. Thompson, 44 N. W. 74; Reeves v. Pierce, 28 Pa. 473; Easton v. Thatcher, 25 Pac. 729; Pebble v. Abraham, 26 Pac. 99; Doctor v. Hellberg, 27 N. W. 176; Bacon v. Leslie, 31 Pac. 1066.

FULLER, J. At the trial of this cause to the court without a jury, plaintiff obtained a judgment decreeing the specific performance of a contract to sell and convey real estate, and the defendant appeals. The contract for a deed offered in evidence, and considered by the court, was in the usual form, and sufficient to justify a specific performance if H. A. Parsons was

authorized to sign the same on the part of appellant. The evidence introduced to show the authority of Parsons to sell the property consists of numerous letters which passed between himself and appellant, from which it appears that after some talk between Parsons and appellant about a sale of the property, and in response to a letter from Parsons received at Ellsworth, Minn., concerning an offer to purchase, made by a third party, appellant, under date February 19, 1894, telegraphed and wrote appellee, in substance, that he had offered the land for $1,050, but had since changed his mind, and that he had decided to keep the property, unless it could be sold for $1,200. On February 24, 1894, Parsons wrote appellant in part as follows: "I have been to considerable trouble and some expense, and would like to make a deal of the land. Have seen my party again, and induced them to make another offer, of $1,100. Now, will you accept that amount, and give me $25 out of it as a commission. I could probably have sold for more than that if you had not made the break you did, but am unable to get any larger offer under the circumstances, and now, if a stranger comes in to buy, the first thing they tell him is, 'Why, the owner offered the land for $1,050.' If you wish to sell the land, better accept the offer made. Let me hear from you at once, and come to White if you can." The next letter of any importance is as follows: "Ellsworth, Minn., March 18, 1894. H. A. Parsons, Esq., White, S. D.—Dear Sir: I am going back to Washington Monday. I left all the papers at Hall's office, notary public, Brookings. If you find a buyer, you can fix up the papers at any of the banks. I want 300 down, and my share of the crop; balance, 900, at 8 per cent. My address Sprague, Washington, Commercial Hotel. Yours kindly, J. Edwards." On March 30, 1894, Parsons wrote appellant that he could sell the land for $1,200—$200 cash, balance on time; no part of the crop to be reserved; if deal consummated, Parsons to reserve from cash payment a commission of $25. A few days later, appellant wrote Parsons, declining to accept the foregoing

proposition, and adhering to the terms stated under date of March 18th. He concluded his letter as follows: ' "Can give clean title. You don't have to write me. You can go to Fishback Bank, and make out the papers, and send them to me to sign. Yours kindly, J. Edwards." Ten days later, appellant wrote as follows: "Sprague, Wash., May 28, 1894. H. A. Parsons, Esq., S. Dakota—Dear Sir: I have deciced to accept the proposition you made me a month ago this way: You pay cash payment of $300, and balance draw 8 per cent until paid, to be make in two or three payments. If you make the deal, you better write me before making out the papers to send to me to sign. Fishback has the abstract. Yours kindly, J. Edwards." During the time of this correspondence the mail service was greatly interrupted and impaired by reason of a strike upon Western railways, and many of appellant's letters are largely devoted to the strike, and the resulting delay in the receipt and transmissions of letters. However, the following letter reached appellent at Spokane Falls, Wash. on the 26th day of July, 1894: "White, South Dakota, 6-23, 1894. Mr. J. Edwards, Sprague, Washington—Dear Sir: I have today completed sale of your land, S. W. $\frac{1}{4}$, 1-110 48, as per your favor of May 28; i. e. $1,200—$300 cash, balance 8 per cent, in three payments, with full mortgage back; transfer to be made on or before 30 days from date. Will make deed, and send you for execution in a few days. Your letter was not received by me until June 21. Send me order on Fishback for abstract. Resp'y yours, H. A. Parsons." With apparant satisfaction as to the disposition of the property on the terms he had last specified, and with an expression of regret that the letter informing him of the sale had not been received earlier, appellant immediately wrote Parsons that he would execute the deed as soon as possible, and send it to him, for the purpose of having the deal completed without unnecessary delay. Soon afterwards it was discovered that appellant had mortgaged the premises previous to the negotiations now under consideration

for $350, due in 1899; but, notwithstanding this fact, respondent stood ready and willing to perform his contract, by assuming such mortgage, and by giving appellant a mortgage for $550, instead of one for $900, as stipulated in the contract for a deed.

After being fully and frequently advised by Mr. Parsons of the necessity of closing the deal according to the contract of sale, the well known terms of which appellant at all times authorized and acquiesced in, he executed the deed as directed, and forwarded the same to be delivered to respondent; and in response to several of Mr. Parsons' letters, by which he was advised that respondent would still perform his contract notwithstanding the incumbrance, and although the stipulated time had expired, he again wrote, on the 6th day of August, 1894, as follows. "H. A. Parsons, Esq., White, S. D.—Dear Sir: I have just got back from Spokane, which I didn't intend to do. I signed deed, and sent it to Fishback, with instructions to give it to you, so you can pay the money over to Fishback, and the mortgage and note, and he will pay the expense of abstract. I think that will be all the expense there will be attached to make the deal. The balance, of $550, I ain't particular; any way to suit the purchaser. I will inclose all the papers belonging to the land. You must wire me at once if you don't make the deal after hearing from me or on receipt of this letter. I will wait a reasonable amount of time for you to complete the deal before I have the papers sent back to me; say, ten days will be sufficient, I think. I have been running around so much that I haven't been able to get my mail regular; so let me hear from you on receipt of this letter. Wire, so I will know what to depend on. I ain't working, and don't want wait around here long, unless I know you have closed the deal, and run chances of losing another trade. Yours, very kindly, J. Edwards."

At the trial the court reserved its ruling upon an objection of appellant's counsel to the introduction of the written con-

tract for a deed, executed by respondent and Parsons, as the agent of appellant, and afterwards, as shown by the findings of fact, admitted and considered the same, together with the other evidence in the case. As a copy of this contract was attached to, and made a part of, the complaint, and the execution thereof was clearly and explicitly admitted in the answer of appellant, neither its introduction nor a finding based thereon was in any manner essential or prejudicial to either party, and the assignment of error relating thereto is without merit. Anderson v. Alseth (S. D.) 66 N. W. 320.

Excusing the delay occasioned wholly by the fault or inability of appellant, respondent was at all times, and now is, ready and able to perform the contract upon his part as changed and ratified by appellant; and, from a regardful consideration of all the assignments of error relating to the findings of fact and rulings of the court upon questions of evidence we are disposed to conclude that the decree for a specific performance, which carries with it the owner's share of the crop for the season of 1894, should not be disturbed. The letters which passed between Parsons and appellant were sufficient to constitute an agency in writing for the sale of the land, and there can be no question as to the particular tract intended. It was not claimed that appellant owned any other land, or that any one has been or can be misled by a failure on the part of Parsons to specifically describe the premises in each of his letters to appellant. Moreover, were the description defective, it was entirely competent to identify and locate the same by parol evidence. Ames v. Lowry, 30 Minn. 283, 15 N. W. 247; Tice v. Freeman, 30 Minn. 389, 15 N. W. 674; Hurley v. Brown, 98 Mass. 545; Todd v. Taft, 7 Allen 371; Stout v. Weaver (Wis.) 39 N. W. 375; Easton v. Thatcher, (Utah) 25 Pac. 728. An agency to execute a contract to sell real property, does not, of necessity, imply authority to pass the title; and the question of power may be ascertained and settled from facts and circumstances disclosed by written correspondence between the owner

and the purported agent, who, it is claimed, was thereby author-ized to bind his principal by such an agreement. The conduct of appellant as disclosed by his letters, the execution and· trans-mission of the deed as directed by Parsons, for the express purpose of completing the contract in question, the terms and conditions of which he had previously dictated, are facts and circumstances so expressly conclusive, both as to authorization and ratification, that there can be no doubt concerning the mat-ter. Lyon v. Pollock, 99 U. S. 668; Jackson v. Badger, 35 Minn. 52, 26 N. W. 908; Peabody v. Hoard, 46 Ill. 243. "A power to sell land implies the power to bind the principal to convey with general warranty, and authorizes the agent to bind his principal by writing to make the purchaser a suffi-cient deed upon the purchase money being paid." Vanada v. Hopkins, 19 Am. Dec. 92; Lee v. Cherry, 85 Tenn. 707, 4 S. W. 835; Minor v. Willoughby, 3 Minn. 225 (Gil. 154); Ballou v. Sherwood (Neb.) 49 N. W. 790; Mann v. Higgins, 83 Cal. 66, 23 Pac. 206; Kennedy v. Gramlin, 33 S. C. 367, 11 S. E. 1081. No pretense is made that Parsons did not act in the utmost good faith, or that he induced his principal to accept an offer of anything less than the entire value of the property. It is quite evident that the transaction would have been closed had not the creditors of appellant, without any fault on the part of respondent, stood ready to seize, by virtue of legal process, the cash proceeds of the sale, as soon as delivered to the bank authorized by appellant to receive the same. Other questions presented have received merited attention, but their discussion is unnecessary. The judgment is affirmed.