[Civ. No. 18362. Second Dist., Div. Two. Oct. 2, 1951.]

KENNETH SPERRY, as Executor, etc., Appellant, v. FRANK H. TAMMANY et al., Respondents.

Kenneth Sperry in pro. per. and Paul W. Westerlund for Appellant.

Guthrie, Darling & Shattuck and Milo V. Olson for Respondents.

WILSON, J.—This action involves the determination of the respective interests of decedent and defendant Frank H. Tammany in cash and personal effects. Judgment was rendered in favor of defendant and plaintiff has appealed.

1. Plaintiff assigns error in the determination of the court that a certain automobile was held in joint tenancy by decedent and defendant and in awarding the car to defendant. The automobile was first registered in Louisiana to "Lieutenant Commander Frank H. Tammany and/or Jean S. Tammany." After defendant was transferred to the Los Angeles area it was registered in California in the same manner.

The term "and/or" in this case is ambiguous and uncertain. (*In re Bell,* 19 Cal.2d 488, 500 [122 P.2d 22].) Evidence was offered by defendant for the purpose of explaining the ambiguity, which was admitted over plaintiff's objection. He testified the car was originally caused to be registered by decedent and defendant in the manner described after discussion of the subject. It was his intent "to establish a situation under which the car could be disposed of by Mrs. Tammany in my absence or in the event of my death without complicated legal action of any kind." He stated he did not cause the car to be registered in California but his wife did so while he was absent. This evidence, which was not contradicted, shows that decedent acquiesced in the manner in which the car was registered in Louisiana and her assent is confirmed by her action in registering it in the same manner in California. Plaintiff contends that such evidence is inadmissible.

Section 1636 of the Civil Code reads: "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." For the purpose of enabling the court to interpret the words of an instrument, which on its face is ambiguous, evidence of the

intent of the parties is admissible to explain the document.
(*Berry* v. *Kowalsky,* 95 Cal. 134, 138 [30 P. 202, 29 Am.St.
Rep. 101]; *Mann* v. *Higgins,* 83 Cal. 66, 69 [23 P. 206];
*Gibson* v. *De La Salle Institute,* 66 Cal.App.2d 609, 620 [152
P.2d 774].) ▇ Although the registration certificate may
not be construed to be an instrument in writing by which
a person acquires title to an automobile, in this case the
original certificate which was signed by both parties before a
new certificate could be issued in California, coupled with
the evidence received at the trial, is sufficient to indicate
the intent of the parties to create a joint tenancy. ▇ There
was no error in the admission of the testimony and the court,
in accord with the uncontradicted evidence, correctly in-
terpreted the registration certificate.

▇ 2. Plaintiff's next contention is that the court erred
in awarding judgment against him for one half the cash
balance remaining in decedent's bank account at the time of
her death. The cash in question was the balance standing
in decedent's separate account. The parties had previously
opened a joint account in another bank in which were de-
posited the proceeds of the sale of certain shares of stock
which defendant had purchased and paid for by check drawn
by him on the joint account. After the sale of the shares
decedent obtained possession of the check for the proceeds,
deposited it in their joint account and withdrew a like amount,
some of which she deposited in her separate account. The
parties had also deposited in their joint account the salary
received by defendant from the United States Navy and
possibly other funds. Defendant testified the joint account
consisted of a mingling of all funds of himself and his
deceased wife and there would be no possibility of differentiat-
ing between funds in the account. The uncontradicted evi-
dence shows that the cash balance remaining in decedent's
separate account at the time of her death was community
property and the court properly awarded defendant one half
thereof.

▇ 3. Defendant and decedent had purchased real prop-
erty upon which they had executed an encumbrance to secure
the balance of the purchase price. This property was shown
to be the separate property of decedent. After her death
defendant made several FHA payments on account of the
encumbrance, for the total of which the court awarded him
judgment. By reason of the fact that defendant had executed
the encumbrance he was individually obligated thereon and

made the payments because of his personal liability. Plaintiff objects to the allowance of the sum because defendant had not filed a claim against the estate as required by section 716 of the Probate Code. Since the indebtedness was not incurred by decedent in her lifetime it was a matter to be adjusted between defendant and the executor of her estate and the filing of a claim was not required. ■ When a liability arises after the death of the decedent it does not constitute a claim against the estate which is required to be presented for allowance (except funeral expenses and other matters expressly provided in the Probate Code). (*Miller & Lux, Inc.* v. *Katz*, 10 Cal.App. 576, 578 [102 P. 946].)

■ 4. For the purpose of recovering a judgment against defendant for double the value of the property, as provided in section 612 of the Probate Code, plaintiff alleged in his complaint that defendant without plaintiff's knowledge or consent wrongfully and unlawfully removed articles of personal property from the home previously occupied by the parties and concealed the same from plaintiff; that plaintiff demanded return of the property and that defendant disclose the whereabouts thereof but he refused either to return the property or to make known its location. These allegations were denied by defendant. Plaintiff contends that the court did not make a finding upon the issue of concealment. The court found that certain items of personal property were community property in possession of defendant, of which plaintiff was entitled to possession, and defendant owns a one-half interest therein. The court also found as follows: ''Any allegation of plaintiff's complaint or defendant's amended answer inconsistent with the foregoing specific Findings of Fact are and each is untrue.'' The latter finding is sufficient to cover the issue to which plaintiff refers. By the findings and judgment the court divided numerous items of community personal property between the litigants, specifically held that certain property belonged to decedent and made the general finding above quoted. The latter is a sufficient finding that defendant did not wrongfully remove any articles of personal property from the home or conceal them from plaintiff.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied October 17, 1951, and appellant's petition for a hearing by the Supreme Court was denied November 29, 1951.