662 So.2d 722 (1995)
Thomas SWENSZKOWSKI, Appellant,
v.
Wayne COMPTON, as Personal Representative of the Estate of Debbie Lee Phillips, deceased, Appellee.
No. 94-4046.
District Court of Appeal of Florida, First District.
October 10, 1995.
Leo B. Hill, Orange Park, for Appellant.
Clyde W. Davis, Fernandina Beach, for Appellee.

*723 ON MOTION FOR CLARIFICATION AND REHEARING

ERVIN, Judge.
This court's previous opinion filed on August 21, 1995 is withdrawn and the following opinion is substituted therefor, and appellee's motion for clarification and rehearing is granted to the extent we have modified paragraphs two and three of the previous opinion.
This is an appeal from a final order finding that a claim asserted by appellant, Thomas Swenszkowski, against the Estate of Debbie Lee Phillips was barred by the statute of limitations. We conclude that Swenszkowski was not required to file a claim in order to prosecute his cause of action and therefore reverse.
The dispute involves a check Sturdivant Life Insurance Company issued for reimbursement of amounts Swenszkowski paid after the decedent's death in connection with a home he and the decedent had purchased while married even though Swenszkowski had credit life insurance on the decedent.[1] The insurance company issued a reimbursement check made payable to the personal representative of the estate. Swenszkowski failed to file his "claim" for the check within three months of publication of the notice of administration or within two years of the decedent's death. Thus, the trial court held that the statute of limitations barred the claim. See §§ 733.702 & .710(1), Fla. Stat. (1989).
Because Swenszkowski is not making a claim or demand against the decedent's estate that arose before her death, and because the action cannot be deemed a liability of the decedent, as it arose well after her death, the claim is not subject to the probate code's statutes of nonclaim. See In re Estate of Kulow, 439 So.2d 280, 282 (Fla. 2d DCA 1983) (insurer's cause of action against personal representative for overpayment of benefits paid to hospital for services rendered to decedent was not a claim within meaning of probate code). And see Sperry v. Tammany, 106 Cal. App.2d 694, 235 P.2d 847 (1951) (reimbursement of husband's payment after wife's death on mortgage executed by husband and wife on wife's property). Cf. Spohr v. Berryman, 589 So.2d 225 (Fla. 1991) (claim involving decedent's agreement to devise half of his estate to his ex-wife and children had to comply with probate claim procedures, because it involved an agreement which predated the decedent's death).
REVERSED.
BENTON and VAN NORTWICK, JJ., concur.
NOTES
[1] Swenszkowski is not seeking the insurance proceeds, which would have been paid to the mortgagee, but rather is seeking reimbursement of payments he was not required to make after the decedent's death by virtue of the credit life insurance. Thus, section 222.13(1), Florida Statutes (1989), does not bar Swenszkowski's claim.