Filed 3/3/16  Weibezahl v. Raytheon Co. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ROBERT WEIBEZAHL, | B259957 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. YC064831) |
| v. | |
| RAYTHEON COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Ramona G. See, Judge.  Affirmed.

The Mathews Law Group, Charles T. Mathews, for Plaintiff and Appellant.

Burke, Williams & Sorensen, Traci I. Park and Georgette Renata Herget, for Defendant and Respondent.

\* \* \* \* \* \*

An employee sued his former employer for age discrimination, retaliation, and wrongful termination in violation of public policy. The jury returned a special verdict form rejecting all three claims. On appeal, the employee seeks a new trial on two grounds: (1) the language he proposed for the special verdict form is ambiguous; and (2) the jury's special verdicts are ambiguous or inconsistent because two of the jurors who voted for plaintiff on the first two claims voted against him on the last claim. We conclude that the employee invited the first claim of error and possibly forfeited his right to raise the second, and that neither claim of error has merit. We accordingly affirm.

## FACTS AND PROCEDURAL BACKGROUND

Defendant Raytheon Company (Raytheon), a defense contractor, hired plaintiff Robert Weibezahl (plaintiff) as an electro-optical engineer in 2003 (when he was in his 40's) and laid him off in 2011 (when he was in his 50's). Plaintiff sued Raytheon for (1) age discrimination, in violation of the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12940, subd. (a)); (2) retaliation for complaining about age discrimination and public safety issues, in violation of FEHA (*id.*, § 12940, subd. (h)); and (3) wrongful termination, in violation of public policy (wrongful termination).[1]

A two-week jury trial ensued. At the conclusion of the trial, the trial court instructed the jury on all three claims. The court specifically instructed that Raytheon would be liable on the wrongful termination claim if the jury found, among other things, "that [plaintiff's] age, *and/or* his complaints about alleged age discrimination, *and/or* his complaints about alleged threats to public safety, was a substantial motivating *reason or reasons* for taking the adverse employment action or actions against him."

The jury was given a special verdict form. The form was broken into three sections, one for each of plaintiff's claims; as to each claim, the form called upon the jury to make "yes" or "no" findings on each of the contested elements and described those

---

[1]    Plaintiff also sued his former boss, Justin Busse, but did not proceed to trial against him.

2

elements using language from the jury instructions. Both parties agreed to the wording of the special verdict form.

The jury returned the special verdict form and was polled. On the age discrimination claim, the jury unanimously found that plaintiff had been subjected to an adverse employment action, but found by a 9-3 vote that plaintiff's age was *not* a substantial motivating reason for that action. The three dissenting jurors were Juror Nos. 1, 9 and 12. On the retaliation claim, the jury unanimously found that plaintiff had complained about age discrimination; found by a 10-2 vote that he had been subjected to an adverse employment action; but found by a 10-2 vote that plaintiff's complaint was *not* a substantial motivating reason for that action. The two dissenting jurors on the last question were Juror Nos. 1 and 12. On the wrongful termination claim, the jury unanimously found that plaintiff had been subjected to an adverse employment action, but found by a 9-3 vote that his "age, and/or complaint about alleged age discrimination, and/or complaint about alleged threats to public safety" were not "a substantial motivating reason or reasons for" the adverse employment action. The three dissenting jurors were Juror Nos. 1, 2, and 3. When neither party objected to the polling, the court recorded the verdict for Raytheon on all three claims and discharged the jury.

Plaintiff thereafter moved for a new trial. Among other grounds, plaintiff argued that he was entitled to a new trial on the wrongful termination claim because two of the jurors—Juror Nos. 9 and 12—had cast inconsistent votes: They had voted, on the age discrimination claim, that plaintiff's age *was* a substantial motivating reason for his lay off—but voted, on the wrongful termination claim, that plaintiff's "age, and/or complaint about alleged age discrimination, and/or his complaint about alleged threats to public safety" *was not* a substantial motivating factor. Plaintiff also submitted a declaration from Juror No. 9 stating that he had been confused by the special verdict form and meant to vote in plaintiff's favor on the wrongful termination claim.

The trial court denied the new trial motion. The court excluded the juror declaration. The court then ruled that plaintiff forfeited his right to seek relief on the basis of the jurors' alleged inconsistent votes because he had not objected to the

3

discrepancy when it was "readily apparent immediately at the time of polling." On the merits, the court determined that the jury's verdict, "as a whole," was consistent insofar as it made "no finding of liability on [plaintiff's] age discrimination, retaliation and wrongful termination" claims. Because "[i]ndividual juror votes are not findings by the jury as a whole," the court concluded that any inconsistency in those votes did not call into question the consistency of the jury's verdicts and thus provided no basis for relief.

After the court entered judgment, plaintiff timely appealed.

## DISCUSSION

On appeal, plaintiff argues that he is entitled to a new trial on the wrongful termination claim because (1) the special verdict form is itself ambiguous; and (2) the inconsistent votes of Juror Nos. 9 and 12 warrant a new trial. We review the first claim independently (*Taylor v. Nabors Drilling USA, LP* (2014) 222 Cal.App.4th 1228, 1242 (*Taylor*)), although plaintiff arguably forfeited this claim by not raising it below (*Crawford v. JPMorgan Chase Bank, N.A.* (2015) 242 Cal.App.4th 1265, 1274 ["[m]atters not raised in the trial court will not be considered for the first time on appeal"]). Our standard of review for the second claim is less clear: Courts ordinarily apply independent review when assessing *jury verdicts* for inconsistency (e.g., *Singh v. Southland Stone, U.S.A., Inc.* (2010) 186 Cal.App.4th 338, 358 (*Singh*)), but plaintiff sought a new trial due to seemingly inconsistent *individual juror votes* and courts review the denial of a new trial motion for an abuse of discretion (*People v. Hajek & Vo* (2014) 58 Cal.4th 1144, 1247-1248; Code Civ. Proc., § 657, subd. (6) ["verdict or other decision against the law" is a basis for new trial][2]; see *Shaw v. Hughes Aircraft Co.* (2000) 83 Cal.App.4th 1336, 1344 (*Shaw*) ["[i]nconsistent verdicts are '"against the law"'"]). Ultimately, the standard of review does not matter in this case because, as explained below, we reject plaintiff's claims even applying de novo review.

---

[2] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

4

## I.     Special Verdict Form

Plaintiff contends that one of the questions on the special verdict form—namely, the second question as to his wrongful termination claim—is ambiguous.  In full, the question asks:  "Was [plaintiff's] age, *and/or* complaint about alleged age discrimination, *and/or* complaint about alleged threats to public safety, a substantial motivating reason or reasons for Raytheon's decision to take an adverse employment action or actions against [plaintiff]?"  Plaintiff asserts that the italicized language injected ambiguity into the special verdict form because (1) the phrase "and/or" is "per se ambiguous"; (2) Juror No. 9 attested to his confusion with the form; and (3) Juror Nos. 9 and 12 voted inconsistently.

### A.     *Invited error*

At the outset, Raytheon asserts that plaintiff was the party who proposed the "and/or" language in the special verdict form (as well as the corresponding jury instruction), and thus is barred by the "invited error" doctrine from asserting it as error on appeal.  "The doctrine of invited error applies . . . 'when a party by its own conduct induces the commission of error.'"  (*De Anza Santa Cruz Mobile Estates Homeowners Assn. v. De Anza Santa Cruz Mobile Estates* (2001) 94 Cal.App.4th 890, 908, quoting *Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 212.)  This includes when a party later assigns as error language in a special verdict form it proposed.  (See, e.g., *Myers Building Indus., Inc. v. Interface Technology, Inc.* (1993) 13 Cal.App.4th 949, 960, fn. 8; *Moore v. Preventative Medicine Medical Group, Inc.* (1986) 178 Cal.App.3d 728, 745.)  In *Mesecher v. County of San Diego* (1992) 9 Cal.App.4th 1677 (*Mesecher*), a party who proposed a special verdict form that asked the same question twice—and thus made an inconsistent jury verdict possible—was not permitted to challenge that defect on appeal.  (*Id.* at p. 1686.)  *Mesecher* controls here.  In this case, the record strongly suggests that it was *plaintiff*'s idea to replace "or" in the pertinent jury instructions and special verdict form Raytheon initially proposed with "and/or."  Although plaintiff on appeal urges that it is "reasonable to assume" Raytheon came up with the "and/or" language, plaintiff did not disagree below with Raytheon's representation that plaintiff had proposed the switch

5

to the "and/or" language; what is more, plaintiff ultimately agreed to the use of this language.

We accordingly agree with Raytheon that the "invited error" doctrine bars plaintiff from objecting to the special verdict form. For completeness's sake, we will nevertheless consider plaintiff's claim on its merits.

### B. Merits

California permits civil juries to return special verdicts, but the special verdict form "must present the conclusions of fact as established by the evidence" and "those conclusions of fact must be so presented as that nothing shall remain to the [trial] [c]ourt but to draw from them conclusions of law." (§ 624.) Thus, a special verdict form is "fatally defective" if it does not "'require the jury to resolve all of the controverted issues in the case . . .' [Citation]." (*Taylor*, *supra*, 222 Cal.App.4th at p. 1242 [special verdict form did not require jury to make findings on two disputed elements; defective]; *Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 325 [special verdict form did not require jury to make finding on element of lack of consent in a battery case; defective]; *Behr v. Redmond* (2011) 193 Cal.App.4th 517, 531 [special verdict form did not require jury to make a finding regarding element of misrepresentation in tortious transmission of sexual disease action; defective].)

The special verdict form in this case is not "fatally defective." Whether the phrase "and/or" is ambiguous depends on the context in which it is used. (*Universal Sales Corp. v. California Press Mfg. Co.* (1942) 20 Cal.2d 751, 775-776 (*Universal Sales*).) When it is unclear whether "and/or" means "and" *or* "or," the phrase can be ambiguous. (E.g., *Sperry v. Tammany* (1951) 106 Cal.App.2d 694, 696 [title of car when in two names separated by "and/or"; ambiguous]; *In re Bell* (1942) 19 Cal.2d 488, 499 (*Bell*) [charging document alleging various acts separated by "and/or"; ambiguous when some of the acts are validly proscribed and others are not].) Other times, "'the terms "and" and "or" may be construed as interchangeable . . .'" and thus as unambiguously meaning "or." (*Universal Sales*, at pp. 775-776; *Adams v. Williams Resorts, Inc.* (1962) 210 Cal.App.2d 456, 461 [same]; see also *Air Machine Com SRL v. Superior Court* (2010) 186

6

Cal.App.4th 414, 420, fn. 6 [construing "or" to mean "and/or"].) The use of the phrase "and/or" in this case falls into the latter camp. Both the jury instruction and the pertinent question on the special verdict form proffer three different reasons—separated by "and/or"—that constitute the impermissible "substantial motivating *reason or reasons*" for Raytheon's actions. Read as a whole, the instruction and question convey that any one or more of those reasons would suffice; because any one reason was enough, "and/or" necessarily and unambiguously meant "or."

We reject plaintiff's arguments to the contrary. The phrase "and/or," as our Supreme Court has noted, "lends itself . . . as much to ambiguity as to brevity" (*Bell*, *supra*, 19 Cal.2d at p. 500), but it is not ambiguous "per se." Instead, as noted above, context matters. The use of the phrase in the context of the jury instruction and special verdict form in this case was not ambiguous.

Further, Juror No. 9's declaration was properly excluded. (See *Barboni v. Tuomi* (2012) 210 Cal.App.4th 340, 345 [abuse of discretion review of evidentiary questions].) "No evidence is admissible to show the effect of [a] statement, conduct, condition, or event upon a juror either in influencing him to assent to or dissent from the verdict or concerning the mental processes by which it was determined." (Evid. Code, § 1150, subd. (a).) "While 'jurors may testify to "overt acts"—that is, statements, conduct, conditions, or events as are "open to sight, hearing, and other senses and thus subject to corroboration"—[they] may not testify to "the subjective reasoning processes of the individual juror."'" (*Mesecher*, *supra*, 9 Cal.App.4th at p. 1683, quoting *In re Stankewitz* (1985) 40 Cal.3d 391, 398; *People v. Steele* (2002) 27 Cal.4th 1230, 1264.) Plaintiff conceded below that Juror No. 9's affidavit was inadmissible, but on appeal reverses course and argues that it is admissible because a juror's inconsistent votes are an "overt act" and because Juror No. 9's affidavit is just one piece of the evidence plaintiff presents. Plaintiff is incorrect. Plaintiff proffered Juror No. 9's affidavit not to show *how* the juror voted, but *why*—and his reasons are not an "overt act." What is more, the fact that he later manifested his confusion by voting does not take him outside this rule because "'[t]he subjective quality of one juror's reasoning is not purged by the fact that

7

another juror heard and remembers the verbalization of that reasoning.'" (*Mesecher*, at p. 1683.)  There is also no exception to Evidence Code section 1150 when the juror's declaration is accompanied by other evidence.

Lastly, the seeming inconsistency of Juror No. 9's and No. 12's votes do not establish that their votes were actually inconsistent—or that the special verdict form was ambiguous—because, as explained more fully below, individual jurors who dissent on one question may rationally (and hence consistently) "accept the finding [of the nondissenting jurors] and participate" in voting on other issues notwithstanding their votes on antecedent issues.  (*Resch v. Volkswagen of America, Inc.* (1984) 36 Cal.3d 676, 682 (*Resch*).)

### C.  *Harmless error*

"[A] defective special verdict form is subject to harmless error analysis." (*Taylor*, *supra*, 222 Cal.App.4th at p. 1244.)  In this case, any ambiguity in the special verdict form is harmless because, as discussed next, such ambiguity produced no error justifying a new trial.

## II.  Inconsistent/Ambiguous Votes of Juror Nos. 9 and 12

Plaintiff also argues on appeal that the trial court erred in entering judgment for Raytheon on his wrongful termination claim because two of the individual jurors—Juror Nos. 9 and 12—who voted *against* him on the causation element of his wrongful termination claim did so after voting *for* him on the causation element of his age discrimination claim (as Juror Nos. 9 and 12 did) or the causation element of his retaliation claim (as Juror No. 12 did).[3]  Had they voted consistently, plaintiff reasons, the jury's 9-3 vote on causation for wrongful termination would have been 8-4 or 7-5 and thus insufficient to warrant a verdict for Raytheon.  Legally, plaintiff rests his claim on the law governing inconsistency in the *jury's verdict*, not inconsistency with *individual juror's votes*.  That is erroneous.  As we discuss below, the jury's special verdicts in this

---

[3]    Plaintiff did not raise this second alleged inconsistency before the trial court.

case were consistent and the inconsistencies in the individual jurors' votes do not warrant relief.

### A. Consistency in the jury's verdict

Our state Constitution declares "[t]rial by jury [to be] an inviolate right," and that a civil verdict must rest upon the concurrence of "three-fourths of the jury." (Cal. Const., art. I, § 16; accord, Code Civ. Proc., § 618 [so noting].) Civil juries may return either a general verdict or a special verdict that "'requires the jury to resolve all of the controverted issues in the case . . . .'" (*Taylor*, *supra*, 222 Cal.App.4th at p. 1242.) Before a trial court may enter judgment on a special verdict, "a jury's special verdict findings must be internally consistent and logical." (*City of San Diego v. D.R. Horton San Diego Holding Co.* (2005) 126 Cal.App.4th 668, 681 (*City of San Diego*).) A jury's special verdict findings are "inconsistent" when "there is no possibility of reconciling its findings with each other." (*Singh*, *supra*, 186 Cal.App.4th at p. 357; *City of San Diego*, at p. 682 ["[a]n inconsistent verdict may arise from an inconsistency between or among answers within a special verdict . . . or irreconcilable findings"].) Special verdict findings are "ambiguous" if it is unclear what the jury actually found. (E.g., *Woodcock v. Fontana Scaffolding & Equip. Co.* (1968) 69 Cal.2d 452, 455-456 (*Woodcock*) [unclear whether jury's damages award included a set-off for receipt of worker's compensation benefits].) Although parties may call inconsistencies or ambiguities in the jury's special verdict to the court's attention during the polling of the jury and ask the jury to clarify or further deliberate (§ 619 [empowering court to ask jury to "correct[]" and "informal or insufficient" verdict]; *Mendoza v. Club Car* (2000) 81 Cal.App.4th 287, 302-306 (*Mendoza*) [court may invoke section 619 to require further deliberation regarding an inconsistent verdict]), it ultimately "'falls to "the trial judge to interpret the verdict from its language considered in connection with the pleadings, evidence and instructions." [Citations.]'" (*Zagami, Inc. v. James A. Crone, Inc.* (2008) 160 Cal.App.4th 1083, 1091; *Mixon v. Riverview Hospital* (1967) 254 Cal.App.2d 364, 375 (*Mixon*).) However, a court may not in the guise of interpreting a special verdict "'choose between [the jury's] inconsistent answers.'" (*Singh*, *supra*, 186 Cal.App.4th at p. 358.) Thus, where "the

9

verdict is hopelessly ambiguous, hopelessly inconsistent or incomprehensible, a reversal is required." (*Mixon*, at pp. 375-376.)

The jury's special verdict in this case is neither inconsistent nor ambiguous. At least nine jurors rejected plaintiff's claims that Raytheon discriminated against him on the basis of his age, that Raytheon retaliated against him, and that Raytheon wrongfully terminated him. These verdicts are internally consistent insofar as they uniformly conclude that Raytheon did not engage in actionable misconduct. (Cf. *Morris v. McCauley's Quality Transmission Service* (1976) 60 Cal.App.3d 964, 970 [jury awarded no damages to principal but awarded damages to party making a derivative claim through that principal; inconsistent verdicts]; *Mendoza*, *supra*, 81 Cal.App.4th at p. 303 [jury found no causation as to a defendant but then attributed a percentage of fault to that defendant; inconsistent verdicts]; *Singh*, *supra*, 186 Cal.App.4th at pp. 351, 358-359 [jury found no false promises, promissory estoppel, or misrepresentation but also found misrepresentation and concealment; inconsistent verdicts]; *City of San Diego*, *supra*, 126 Cal.App.4th at pp. 673, 678 [jury assessed two different per-acre values for the same parcel of property in two different condemnation claims; inconsistent verdicts]; *Shaw*, *supra*, 83 Cal.App.4th at pp. 1344-1345 [jury found no contract to support a breach of contract claim but a breach of the implied covenant of good faith and fair dealing that presupposed a contract; inconsistent verdicts].) These verdicts are also unambiguous insofar as they raise no question as to the jury's decision. (Cf. *Mixon*, *supra*, 254 Cal.App.2d at pp. 376-377 [ambiguity in verdict regarding apportionment of damages]; *Phipps v. Superior Court* (1939) 32 Cal.App.2d 371, 374-375 [same]; *Dauenhauer v. Sullivan* (1963) 215 Cal.App.2d 231, 234-235 [same]; cf. *Woodcock*, *supra*, 69 Cal.2d at pp. 457-458 [no ambiguity as to whether jury's award of damages included set-off for worker's compensation benefits in light of jury instructions].)

## B.   *Consistency in the votes of individual jurors*

Unlike the jury's special verdicts, which must always be consistent, the law "permits [individual] jurors to cast inconsistent votes on individual questions." (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 255, fn. 8, italics omitted (*Keener*).) Courts

10

tolerate the seemingly inconsistent votes of individual jurors for two reasons.  First, the alternative rule that would require a juror to vote consistently would "prohibit jurors who dissent on [an earlier question] from participati[ng] in the important remaining [questions]." (*Juarez v. Superior Court* (1982) 31 Cal.3d 759, 768 (*Juarez*).)  This would be at odds with our state Constitution's guarantee that "[t]he jury is to determine all questions submitted to it, and when the jury is composed of twelve persons, each should participate as to each verdict submitted to it." (*Resch*, *supra*, 36 Cal.3d at p. 682.) Second, an individual juror's votes that *seem* inconsistent may not actually *be* inconsistent.  A juror who has been "'outvoted on an issue'" can rationally and consistently decide to "'accept the outcome'" agreed to by three-fourths of the jurors and "'continue to deliberate with the other jurors . . . on the remaining issues.'  [Citation.]" (*Juarez*, at p. 768).  Indeed, because jurors take an oath to deliberate honestly and vote conscientiously (§ 232, subd. (b); *Resch*, at p. 682), courts will generally assume that seemingly inconsistent votes are the product of accepting the will of the jury on preceding questions, and not the product of irrationality.  (*Juarez*, at p. 768 ["(a)bsent evidence to the contrary, we cannot assume that a juror will ignore his (or her) sworn duties"].)

Under this authority, a judgment is not invalid because one of the jurors who voted against finding the defendant liable went on to vote on how to apportion damages against that defendant.  (*Juarez*, *supra*, 31 Cal.3d at pp. 762, 768-769.)  Similarly, a judgment is not invalid because a juror who voted in a special verdict that the defendant's product had no mechanical defect went on to vote on whether that defect caused the plaintiff's injuries.  (*Resch*, *supra*, 36 Cal.3d at pp. 678-682.)  The question then becomes:  Does this principle apply here?

Raytheon argues that we need not answer this question because plaintiff forfeited the issue by not calling the potentially inconsistent votes of Juror Nos. 9 and 12 to the trial court's attention until long after the court discharged the jury.  Plaintiff disagrees, responding that a party forfeits an objection to an inconsistent or ambiguous jury verdict constitutes forfeiture only if his silence was "the result of a desire to reap a 'technical

11

advantage' or engage in a 'litigious strategy.'" (*Woodcock*, *supra*, 69 Cal.2d at p. 456, fn. 2.) We need not resolve the issue of forfeiture because plaintiff's argument for a new trial fails on its merits.

As noted above, the viability of plaintiff's challenge turns on whether the precedent upholding verdicts in the face of seemingly inconsistent votes by individual jurors applies here. We conclude it does. A claim for wrongful termination in violation of public policy must rest on a violation of a public policy that is "(1) fundamental; (2) beneficial for the public; and (3) embodied in a statute or constitutional provision." (*Turner v. Anheuser-Busch, Inc.* (1994) 7 Cal.4th 1238, 1256.) A claim for wrongful termination due to age discrimination rests specifically on the violation of the statutory protections embodied in FEHA. (*Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 896-897, 909.) Because plaintiff's wrongful termination claim is in this sense derivative of his other FEHA-based claims, the authority cited above requires us to assume Juror Nos. 9 and 12 did not vote inconsistently, but instead to assume that they recognized that they were outvoted on the preceding FEHA claims and thereafter "'accep[ed] th[at] outcome'" when voting on the wrongful termination claim. (*Juarez*, *supra*, 31 Cal.3d at p. 768.)

## DISPOSITION

The judgment is affirmed. Raytheon is entitled to its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:

_____, P.J.
BOREN


_____, J.
ASHMANN-GERST

12