# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-1892
L.T. Case No. 2020-CP-789

———————————————

BRILLIUM, INC. AND CURT R.
ROGERS,

    Appellants,

    v.

JENNIFER OLES-DUGRE,
INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF ROBERT WILLIAM DUGRE,
DECEASED,

    Appellees.

———————————————

On appeal from the Circuit Court for St. Johns County.
Howard Mason Maltz, Judge.

Joshua H. Roberts and Michael B. Decembrino, Jr., of Holland &
Knight LLP, Jacksonville, for Appellants.

Ryan Williams and Christopher Knox, of T. Ryan Williams Law
Group, Ponte Vedra, for Appellees.

June 12, 2026

MacIver, J.

    Brillium, Inc., and Curt R. Rogers ("Appellants") appeal the
trial court's Order on Motions for Summary Judgment raising two

issues on appeal. Regarding Appellants' first issue—that the trial court erred by ruling that Jennifer Oles-Dugre, individually and as Personal Representative of the Estate of Robert William Dugre, deceased ("Appellee") did not owe a fiduciary duty to Appellants—we affirm without further discussion.

As to Appellants' second claim—that the trial court erred by ruling Appellants were required to file a notice of claim under section 733.702(1), Florida Statutes (2020), to preserve their replevin claim—we agree, reverse the order of summary judgment on the replevin claim, and remand for further proceedings.

## I.

Robert William Dugre ("Decedent") and Curt R. Rogers ("Rogers") were each fifty percent (50%) owners of Brillium, Inc. Decedent and Rogers executed a Stockholders' Agreement on February 24, 2015, which outlined the process for an orderly transfer of the shares of Brillium, Inc., to the living shareholder in the case of the death of a shareholder. The Stockholders' Agreement provided that the family of the deceased shareholder would receive financial compensation for those shares through life insurance proceeds from a policy paid for by Brillium, Inc. Following Decedent's passing, Appellee received the proceeds of a life insurance policy through Northwestern Mutual for which Brillium, Inc., had paid the premiums during Decedent's life. Appellee filed the appropriate Notice to Creditors, which was first published on December 18, 2020 ("Notice to Creditors"). On July 20, 2021, Brillium, Inc., transferred Decedent's shares to Rogers by issuing a unanimous consent entitled "Consent to Action Without a Meeting of the Sole Director of Brillium, Inc."

After Rogers and Brillium, Inc., had effectuated the transfer of stock, Appellee filed a Petition for Declaratory Action against Appellants. In response, Appellants filed counterclaims against Appellee. In Count II of their Amended Counterclaim, Appellants asserted a claim for replevin under section 78.01, Florida Statutes, against Appellee in her capacity as Personal Representative. The replevin claim was based on allegations that, although Decedent, as a Brillium, Inc., owner, rightfully possessed certain property (computer, hard drives, electronic data and files, camera and

photography supplies, office chair, and notebooks) owned by Brillium, Inc., during his lifetime, Appellee wrongfully refused to return the property to Brillium, Inc., following Decedent's death and, instead, improperly exercised dominion over the same.

Both parties filed motions for summary judgment which were heard on May 7, 2024. Relevant to this appeal, the trial court granted Appellee's motion for summary judgment on the replevin claim. On June 12, 2024, the trial court entered its Order on Motions for Summary Judgment. Specifically, the trial court found that the replevin claim was subject to the notice of claim requirements contained in section 733.702.

## II.

"The essence of an action of replevin is the unlawful detention of personal property from plaintiff at the commencement of the action, regardless of whether defendant acquired possession rightfully or wrongfully." *Brown v. Reynolds*, 872 So. 2d 290, 294 (Fla. 2d DCA 2004) (citation modified). The trial court granted Appellee's motion for summary judgment on the replevin claim on the basis that under section 733.702, Appellants were required to file a notice of claim against the Estate for return of the property by March 18, 2021, but failed to do so. The trial court's ruling on Appellee's motion for summary judgment is subject to a de novo standard of review. *See Olsen v. First Team Ford, Ltd.*, 359 So. 3d 873, 876 (Fla. 5th DCA 2023) (citing *Baxter v. Northrup*, 128 So. 3d 908, 910 (Fla. 5th DCA 2013)).

Section 733.702 provides that "no claim or demand against the decedent's estate that arose before the death of the decedent . . . [and] no claim for personal property in the possession of the personal representative" is binding on the estate unless filed within three months after first publication of notice to creditors. *See* §733.702(1), Fla. Stat. However, replevin actions asserting ownership of specific property do not generally constitute "claims" subject to this statute. *See Zeidel v. Rosenberg's Est.*, 357 So. 2d 259 (Fla. 3d DCA 1978).

The critical distinction lies in whether the claimant seeks to recover property that never belonged to the decedent versus

3

asserting a debt or demand against estate assets. Section 733.702 applies to "claim[s] or demand[s] against the decedent's estate that arose before the death of the decedent." *See* § 733.702(1), Fla. Stat. The Supreme Court of Florida in *Spohr v. Berryman*, 589 So. 2d 225, 228 (Fla. 1991), explained that the reference to claims "arising before the death of the decedent is intended to make clear that it is unnecessary to file a statement of claim in order to prosecute an action against the estate that is predicated upon events that take place after the decedent's death." *See also Swenszkowski v. Compton*, 662 So. 2d 722, 723 (Fla. 1st DCA 1995) ("Because [plaintiff] is not making a claim or demand against the decedent's estate that arose before her death, and because the action cannot be deemed a liability of the decedent, as it arose well after her death, the claim is not subject to the probate code's statutes of nonclaim.").

Where, as here, the decedent was merely in possession of the property without asserting ownership, and the assertion of ownership is made by the personal representative or heirs for the first time after death, then filing a claim under section 733.702 is not required. *Scott v. Reyes*, 913 So. 2d 13 (Fla. 2d DCA 2005).

Appellants allege Decedent was in permissive possession of Brillium, Inc.'s personal property and assert that, because Decedent had permission to possess this personal property, Brillium, Inc.'s claim for return of the property arose after Decedent's death. Appellants are correct. Because Decedent was merely in possession of the property at the time of his death without asserting ownership, and the assertion of ownership was made by the personal representative for the first time after Decedent's death, filing a claim under section 733.702 was not required.

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.

LAMBERT and KILBANE, JJ., concur.

4

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____